Flowers et al. *v.* Pistella, Appellant.

Argued April 29, 1938. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*James J. Burns, Jr.,* with him *Gustav M. Berg,* for appellant.

*Henry Kauffman,* with him *Louis Little,* for appellees.

OPINION BY PARKER, J., July 15, 1938:

Florence G. Flowers, a minor, and her mother, Jean Flowers, were given verdicts in an action in trespass, judgments were entered for the plaintiffs on the verdicts, and the defendant has appealed. The appellant now contends that judgments n. o. v. should have been entered for the reason that the minor was guilty of contributory negligence. The case was tried twice by a jury, the first trial resulting in a disagreement. After that trial a motion was made by defendant for judgment notwithstanding the disagreement under the Act of April 20, 1911, P. L. 70 (12 PS §684), and the same questions were presented as are now relied upon. An opinion was written by the learned judge who specially presided at that trial refusing the motion for judgment, which opinion correctly answered all of the questions which are raised on this appeal.

We will state the evidence in a light most favorable to the plaintiffs, as we are required to do, since they have verdicts and the appellant contends that he is entitled to judgment as a matter of law upon the whole record. Such a statement will demonstrate the correctness of the conclusions of the court below.

The minor plaintiff, Florence G. Flowers, then of the age of fourteen years and eight months, was struck by an automobile owned and driven by the defendant near the intersection of Second Avenue and Tipton Street in the city of Pittsburgh on April 27, 1932, at about 7:30 P. M. It was still daylight and vision was good. Second Avenue extends east' and west having a width of thirty-six feet between the curbs on which were two lines of street car tracks with a space of four

feet two and one-half inches between the north and south lines, leaving a free cartway on each side of the railway tracks of ten feet five and one-half inches. Tipton Street, which is of approximately the same width, extends to the north from Second Avenue but does not cross the latter street to the south. A crossing for pedestrians wishing to pass over Second Avenue was marked with yellow lines approximately in line with the west sidewalk on Tipton Street.

The minor was on the south side of Second Avenue and wished to cross that street to a store at the northwest corner of Second Avenue and Tipton Street. Before leaving the curb she looked in both directions and did not see any traffic approaching from either direction. She then started north between the yellow lines marking the crossing for pedestrians, continuing to look in both directions. A street car had just passed east on the south car track and proceeded on its way. She continued to look in both directions and when at the center of the street saw a street car on the north track near Elizabeth Street, which was the next street east of and parallel to Tipton Street, at a distance of about two hundred feet, but saw no other traffic approaching. When she reached the space between the rails of the north street car track she looked east again and for the first time saw a produce truck driven by defendant coming rapidly from the east and bearing down upon her. She stated that when she first saw the truck it was fifteen or twenty feet from her but she also stated that the truck had not quite reached Tipton Street when she saw it, which would place the car about forty feet away. She then described her situation as follows: "When I noticed it was so close to me I didn't know what to do; I was dazed; I couldn't make my feet move or anything else." She was immediately struck by the front left fender of the truck and seriously injured. There was also evidence that the truck ap-

proached the scene of the accident at the rate of thirty-five miles per hour.

It is only in clear cases that the court is justified in taking a question of contributory negligence from the jury and disposing of the question as a matter of law: *Jackson v. Curry,* 117 Pa. Superior Ct. 63, 67, 177 A. 346; *Shaffer v. P. R. R. Co.,* 258 Pa. 288, 292, 101 A. 982. This minor was between fourteen and fifteen years of age and, being normal, is presumed to have sufficient capacity and understanding to be sensible of obvious danger and to have the power to avoid it. This presumption should stand until it is overthrown by clear proof of the absence of such discretion and intelligence as is usual with infants fourteen years of age: *Nagle v. Allegheny Valley R. R. Co.* 88 Pa. 35, 39-40; *Greenway v. Conroy,* 160 Pa. 185, 28 A. 692. "This being so when the minor is fourteen years of age, the presumption must be greater when he is sixteen and a half years old, and 'the measure of a child's responsibility is his capacity to see and appreciate danger, and the rule is that, in the absence of clear evidence of the lack of it, he will be held to such measure of discretion as is usual in those of his age and experience. The measure varies, of course, with each additional year.' ...... 'It follows that as responsibility depends upon the knowledge and experience of the child, and on the character of the danger to which he is exposed, generally the question is one for the jury and not for the court. This must always be so when the facts are in dispute, or the inferences to be drawn from them are doubtful. But in clear cases, where the facts are settled and there can be no reasonable doubt as to the inferences to be drawn, the question may be determined by the court as a matter of law' ": *Rice v. Kring,* 310 Pa. 550, 556, 165 A. 833. It was here for the jury and not for the court to take into account the capacity of Florence G. Flowers in

measuring her responsibility particularly with respect to being confronted by a sudden danger.

When the minor left the center of the street, one street car was moving away from her on the south track to the east towards Elizabeth Street, and a second street car was approaching from the east on the north track. These street cars might easily have shut out the view of the defendant's car if it was to the rear of the approaching street car. In this connection the minor states that she did not see the truck until it was close to her. If the truck was moving at the rate of thirty-five miles per hour, it consumed only four seconds in covering the two hundred feet from the point where the street car was seen by her to the point of accident. At the same time the minor was required to watch for cars coming from Tipton Street or from the west on Second Avenue. In short it does not appear by indisputable proofs that she could have seen the truck approaching if she had looked. In this situation she was confronted with a sudden peril. Mere failure to decide correctly on a course of action when confronted with sudden danger is not negligence per se: *Morin v. Kreidt,* 310 Pa. 90, 97, 164 A. 799; *Welsh v. P. R. R. Co.,* 313 Pa. 87, 169 A. 95. We cannot measure the responsibility of this minor, fourteen years of age, by precise timing of the relative movements of the automobile and street car, or by a close calculation of time and space where the underlying facts are at best based on estimates, not measurements. It is just such cases as this which must be left to the judgment of the jury for it is possible for reasonable and sensible men to differ as to the conclusions that should be drawn.

*Taylor v. Phila. R. T. Co.,* 111 Pa. Superior Ct. 575, 170 A. 327, relied upon by the appellant, is not a parallel case for there the pedestrian had a clear and unobstructed view of an approaching bus while here we must assume that the view was obscured by one or both of

the street cars. The same may be said of the other cases cited by appellant. It was here for the jury to say whether the plaintiff had an unobstructed view of the approaching truck and that body has found against the defendant.

The judgments of the court below are affirmed.