| | |
|---|---|
| 67 | 311 |
| 145 | 233 |
| 67 | 311 |
| 165 | 125 |
| 67 | 311 |
| e202 | 1283 |
| 202 | 1284 |

# The West Chester and Philadelphia Railroad Co. *versus* McElwee.

1. In an action for death by negligence from cars striking a cart on scales near to a railroad track, evidence was proper, that after the accident the track was removed to a greater distance.

2. If the track was too near the scales, a higher degree of care was necessary to avoid the accident.

3. What is negligence is always a question for the jury, when the measure of duty is ordinary and reasonable care.

4. When the standard of the degree of care shifts with circumstances, it is always for the jury.

5. When the standard is fixed: when the measure of duty is defined by law and is the same under all circumstances, its omission is negligence and may be so declared by the court.

6. When there is such an obvious disregard of duty and safety as amounts to misconduct the court may declare it to be negligence.

January 10th 1871. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Certificate from Nisi Prius: No. 51, to July Term 1869.

This was an action on the case by James McElwee and Jane his wife against the West Chester and Philadelphia Railroad Company, for damages for the death of their son, Mark McElwee, resulting from the negligence of the defendants.

The writ issued May 6th 1869.

The main track of the defendants from West Chester crosses

[West Chester & Philadelphia Railroad Co. *v.* McElwee.]

Walnut street and Chestnut street, in West Philadelphia.    A private track of Mr. Lyster connects with defendant's road, and leading from it westwardly and northwardly, passes on the west side of the track, first a shanty or tool-house, then very near to the shanty where only a door opened on to the track, platform scales, then an office belonging to Mr. Heberton and used in connection with his coal yard.    Beyond on the north, about 170 feet from the office is the yard of Mr. Lyster; the grade descending from Lyster's yard toward the junction of his track with the defendant's track.    The walls of the shanty and the platform of the scales were quite near the track.

On the morning of the 13th of February 1869, the defendants had placed upon this private track, about opposite Lyster's yard, four empty cars, not belonging to them.    In the afternoon of the same day Mark McElwee had taken his cart to Heberton's yard, and having had it loaded, placed it upon the scales with the hinderpart towards the track; he was standing between the cart and the shanty; a brakesman of the defendants wishing to bring the empty cars from Lyster's to their main track, unblocked them and put up the brakes; the cars in coming down the track struck the end of the cart, which struck the deceased, drove him against the post of the shanty, and killed him.

On the trial, December 22d 1869, before Williams, J., Charles Rourke, for plaintiff, testified, that he had measured about six months previously and the track was about 20 inches distant from the wall of the shanty.    The plaintiffs then offered to ask the witness, if the track had been moved since.    The question was objected to, admitted by the court, and a bill of exceptions sealed.

William Garvey testified, that on the day of the accident the cart was on the scales, that the cars came from Lyster's yard without an engine, they struck the cart, he saw the deceased between the cart and the post of the shanty; he saw no one in charge of the cars; that the brakesman said he had jumped from one car to another, that if the brake had been good, he might have stopped the cars and saved the man's life.

John Williams testified, that the deceased had put his cart on the scales for witness to weigh, he weighed it; deceased went into the shanty; whilst he was in, the brakesman let the cars down; the first car being wider by 9 inches on each side than the others; deceased was between the post of the shanty and the cart when he was struck; there was not much space left; the door of the shanty could not be left open when cars came along; it opened out; heard no notice given by the brakesman; that the brakesman said there was manure on the brake; he stooped to take it off; before he could get it off he saw the cart, and it was then too late; it was 4 or 5 minutes after the cart was weighed before the cars came down; from the time of weighing till the cart was struck

was 10 minutes ; the cars were blocked up at night to keep them from running down ; there was nothing to prevent the brakeman from seeing clear down ; the cart was on the scales in the ordinary way.   On cross-examination he said, the cart had projected a little over the scales.

Other witnesses testified substantially to the same facts.

The defendants' brakesman testified that the deceased had been loading his cart about 15 or 20 minutes when witness got the cars in motion ; they came down the grade at the rate of 3 miles an hour ; whilst plying the brakes the cars struck the cart ; he halloed when he first saw the deceased jumping out of the shanty.

They gave evidence that the scales and building had been put there after the track, and that the brakesman had brought the cars down as an accommodation.

The defendants requested the court to charge :—

1. The decedent having been shown to have left his cart on the scales, somewhat projecting over the line of the scales for a space of at least ten minutes, was guilty of negligence, which prevents a recovery by the plaintiffs in this suit.

2. The decedent having left his cart and gone into the shed or shanty, and when the cars were coming down having come out of the shanty towards the track, and then placed himself between his cart and the shanty while the cars were descending, was guilty of negligence, and the plaintiffs cannot recover in this suit.

3. The decedent having left his cart and horse entirely unguarded and without any one in charge whilst on the scales, was guilty of negligence, and the plaintiffs cannot recover in this suit.

4. If the decedent was guilty of any negligence at all, the plaintiffs cannot recover in this suit.

5. Upon the whole evidence presented to the jury, the decedent was guilty of negligence and the plaintiffs cannot recover in this suit.

The court declined the first three points as matter of law and submitted the propositions to the jury as a question of fact.

As to the 4th point, he charged : "If the decedent was guilty of negligence which contributed to his death, the plaintiffs cannot recover in this suit."

The court declined to charge as requested in the 5th point ; and submitted the case to the jury with this instruction ; "the plaintiffs are not entitled to recover, unless the death of their son was caused by the negligence of the defendants' servant or agent in charge of the cars ; and they are not entitled to recover if the decedent's negligence or want of proper care and prudence contributed to his death ; nor can they recover if his death was the result of an unavoidable accident.   But if the jury find that the decedent's death was caused by the negligence of the defendants' servant in charge of the cars, and that his own negli-

[West Chester & Philadelphia Railroad Co. v. McElwee.]

gence did not contribute to his death, then the plaintiffs are entitled to recover.

" The jury have heard the evidence and will determine whether or not the decedent's death was caused by the negligence of the defendants' agent or conductor; and whether the decedent's own negligence contributed to his death; and as you find the fact to be, so will you give your verdict. The plaintiffs, as we have already instructed the jury, are not entitled to recover unless the decedent's death was occasioned by the defendants' negligence without concurrent negligence on his part." * * *

The verdict was for the plaintiffs for $1000.

The defendants took a writ of error, and assigned for error the admission of the evidence objected to, declining to affirm their 1st, 2d, 3d and 5th points, and the portion of the charge given above.

*G. W. Biddle*, for plaintiffs in error.—The evidence as to the removal of the track should not have been received, the defendants having had no control over it. There was no conflict of testimony on the question of negligence, and the deceased voluntarily put himself into peril. The court should have decided he was negligent: N. Penna. Railroad v. Heileman, 13 Wright 60; Heil v. Glanding, 6 Id. 493; Railroad v. Hummell, 8 Id. 375; Catawissa Railroad Co. v. Armstrong, 2 P. F. Smith 282; Mc-Grew v. Stone, 3 Id. 436; Passenger Railway Co. v. Stutler, 4 Id. 375; Hanover Railroad Co. v. Coyle, 5 Id. 396; Humphreys v. Armstrong County, 6 Id. 204; Glassey v. Hestonville Railroad Co., 7 Id. 172; Pittsburg and Connellsville Railroad Co. v. Mc-Clurg, 6 Id. 295.

*A. Thompson* (with whom were *G. F. B. Collins* and *D. M. M. Collins*), for defendants in error.—By using the private track the defendants were bound to observe the customs under such circumstances: Tennery v. Pippinger, 1 Phila. R. 543; Rauch v. Lloyd, 7 Casey 358; Reeves v. Delaware Railroad, 6 Id. 460. A party is not bound to guard against want of ordinary care in another: Brown v. Lynn, 7 Casey 510; McCully v. Clark, 4 Wright 399; Penna. Railroad v. Barnett, 9 P. F. Smith 259; Kay v. Penna. Railroad, 15 Id. 269.

The opinion of the court was delivered, May 8th 1871, by

WILLIAMS, J.—There was no error in admitting the testimony of Charles Rourke, that the track had been moved since the date of the accident. If it tended to show, as suggested, that the track was originally too near the office and shanty to permit the cars to be run on it without danger, then it was evidence of a fact proper for the consideration of the jury in determining whether due and reasonable care had been used by the company to avoid the accident. If the proximity of the track to the buildings did

[West Chester & Philadelphia Railroad Co. v. McElwee.]

not increase the danger why was it moved? And if it did, then a higher degree of care was necessary in order to avoid accident, and in this aspect the evidence was properly received.

The only other question presented by the assignments of error is, whether the court, under the facts disclosed by the evidence, should have instructed the jury that the decedent was guilty of negligence which contributed to his death, and the plaintiffs were not entitled to recover.

The law is well settled that what is and what is not negligence in a particular case is generally a question for the jury and not for the court. It is always a question for the jury when the measure of duty is ordinary and reasonable care. In such cases the standard of duty is not fixed but variable. Under some circumstances a higher degree of care is demanded than under others. And when the standard shifts with the circumstances of the case, it is in its very nature incapable of being determined as matter of law, and must be submitted to the jury to determine what it is, and whether it has been complied with. But when the standard is fixed, when the measure of duty is defined by the law, and is the same under all circumstances, its omission is negligence, and may be so declared by the court. And so, when there is such an obvious disregard of duty and safety as amounts to misconduct, the court may declare it to be negligence as matter of law. But where the measure of duty is not unvarying, where a higher degree of care is demanded under some circumstances than under others; where both the duty and the extent of its performance are to be ascertained as facts, a jury alone can determine what is negligence, and whether it has been proved: McCully v. Clark & Thaw, 4 Wright 399; Citizens' Ins. Co. v. Marsh, 5 Id. 386; North Penna. Railroad Co. v. Heileman, 13 Id. 60; Pittsburg and Connellsville Railroad Co. v. McClurg, 6 P. F. Smith 295; Glassey v. Hestonville, &c., Passenger Railway Co., 7 Id. 172; Penna. Railroad Co. v. Barnett, 9 Id. 269; Johnson v. Bruner, 11 Id. 58.

These principles are of easy application to the evidence in this case, and clearly show that the question of decedent's negligence was one of fact for the jury, and not of law for the court. The evidence did not show that he omitted any duty defined or prescribed by law; nor did it show any such disregard of duty and safety on his part as made it incumbent on the court to declare it to be negligence. His only standard or measure of duty was ordinary and reasonable care; and what that was, under the circumstances, and whether he complied with it, could only be determined by the jury as a matter of fact. When, therefore, the court was asked to instruct the jury that the decedent was guilty of negligence, and the plaintiffs were not entitled to recover, the instruction was properly refused. It could not have been given

[West Chester & Philadelphia Railroad Co. *v.* McElwee.]

without determining, as matter of law, what care and caution a man of ordinary and reasonable prudence would have exercised in circumstances similar to those in which the decedent was placed. The question of decedent's negligence was therefore rightfully submitted to the jury; and as no complaint is made of the manner in which it was submitted, the judgment must be affirmed.

Judgment affirmed.