# Thorne, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railway company—Intending passenger—Dirt piled beside track—Contributory negligence—Question for Jury.*

1. Where the standard of care is fixed, and the standard of duty is defined by law and is the same under all circumstances the failure to observe it may be declared negligence by the court; but when the standard shifts with the circumstances of the case, it must be submitted to the jury to determine what it is and whether it has been observed.

2. In an action against a street railway company to recover for personal injuries, the questions of defendant's negligence and plaintiff's contributory negligence are for the jury, where it appears that in making alterations and repairs to its tracks the defendant company had excavated for a considerable distance along its line and cast the dirt in piles along the street, leaving no place clear except at the crossing; that the plaintiff, intending to take a car and having waited at the crossing while several cars with passengers standing on the front platform passed without stopping, proceeded up the street about a car length in the direction from which the car approached, and when she saw the car coming advanced toward the track to enter it at the rear and while waiting for it to stop stood upon a pile of dirt a foot or more in height and very close to the track; that the car was of a pattern which invited passengers to enter at either end; that it stopped, but not long enough for the plaintiff to board it, and when it started again plaintiff turned from the track and as she did so, the dirt pile on which she stood gave way and carried her foot to the track, where it was run over; it not appearing that the position the plaintiff occupied was too close to the tracks for safety under ordinary circumstances, nor apart from the accident itself that any particular danger attended the standing upon a pile or ridge of dirt such as this was.

Argued March 21, 1912. Appeal, No. 116, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1908, No. 3508, of nonsuit in case of Anna

B. Thorne v. Philadelphia Rapid Transit Co. Before
FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ.
Reversed.

Trespass for personal injuries. Before BREGY, P. J.
The facts appear by the opinion of the Supreme Court.

The court below at the conclusion of the trial granted
a nonsuit which it subsequently refused to take off.

*Error assigned* was in refusing to take off nonsuit.

*Wm. A. Glasgow, Jr.,* for appellant.—A railway is
obligated to provide its passengers with a reasonably
safe and proper place at which to enter and leave its
cars, and that its failure to do so is negligence per se:
Hartzing v. Lehigh Valley R. R. Co., 154 Pa. 364; Keller
v. Hestonville, Etc., Pass. Ry. Co., 149 Pa. 65; McGovern
v. Interurban Ry. Co., 136 Iowa 13 (111 N. W. Repr.
412); Richmond City Ry. Co. v. Scott, 86 Va. 902 (11
S. E. Repr. 404); Missouri Pac. R. Co. v. Wortham, 3
L. R. A. 368.

An obstruction cannot be raised or maintained, upon
a public street or road, whether by a street railway com-
pany, or any other person, without subjecting the party
causing or keeping up the obstruction to liability to
persons injured thereby: Shaffer v. Beaver Val. Trac-
tion Co., 229 Pa. 533; Kraut v. Frankford, Etc., Ry. Co.
160 Pa. 327; Wagner v. Ry. Co., 158 Pa. 419; McLaugh-
lin v. Traction Co., 175 Pa. 565; Zirkman v. Traction
Co., 33 Pa. Superior Ct. 85; Blair v. Phila. Rapid
Transit Co., 36 Pa. Superior Ct. 319; Dixon v. R. R.
Co., 100 N. Y. 170 (3 N. E. Repr. 65); Miller v. Ry. Co.,
186 Pa. 190.

*Layton M. Schoch,* for appellee.—The appellee was
not guilty of any negligence: Leister v. Rapid Transit
Co., 217 Pa. 652; Miller v. Ry. Co., 186 Pa. 190.

The appellant was guilty of negligence per se.

The appellee company is not responsible for the exigency which determined the appellant to take a risk rather than delay for another car: Paterson v. Rapid Transit Co., 218 Pa. 359; Corbitt v. Rapid Transit Co., 227 Pa. 297; Collins v. Traction Co., 7 Pa. Superior Ct. 318; Bradney v. Rapid Transit Co., 232 Pa. 127.

The appellant, by leaving a safe place, and seeking a dangerous method of boarding the car, was guilty of contributory negligence: Erie v. Magill, 101 Pa. 616; Joyce v. R. R. Co., 230 Pa. 1; Brendlinger v. New Hanover Twp., 148 Pa. 93; Evans v. Philadelphia, 205 Pa. 193; Haven v. Bridge Co., 151 Pa. 620; Barnes v. Sowden, 119 Pa. 53.

OPINION BY MR. JUSTICE STEWART, July 2, 1912:

According to the testimony adduced in support of plaintiff's claim, the accident which resulted in her injuries occurred under the following circumstances. The plaintiff intending to take a southbound car, stood on the northwest corner of an intersecting street, at a public crossing which was a flagging point. While there some three or four southbound cars, with passengers occupying the front platform of each, passed without stopping. With a view to getting accomodation on the next car by approaching it at the rear, plaintiff moved northward along the pavement about the length of a car. When she saw a car coming which she thought was about to stop at the crossing, she advanced from the pavement toward the track, intending to enter upon the car at the rear. While waiting for the car to stop she stood upon a pile of dirt a foot or more in height, and very close to the track. The car stopped, but not long enough to permit the plaintiff to board it; and when it again started plaintiff turned to get further from the track. As she did so the dirt pile on which she stood gave way and carried her foot on the track where it was run over by the wheel of the car. In making repairs and alterations to its track at this point the defendant com-

pany had excavated for a considerable distance along its line and had cast the dirt along the street. This street obstruction, says one of the witnesses, continued along five squares, the dirt being piled to a height of from eighteen inches to two feet leaving no place clear except at the public crossings. The learned trial judge was of opinion that the plaintiff in standing upon the ridge of dirt to await the car, was guilty of contributory negligence as a matter of law. In this view of the case we cannot concur. The evidence does not disclose a disregard by the plaintiff of any fixed standard of duty or care. It may have been negligence on her part to occupy the position she did before she fell; but that was a question for the jury to determine from all the facts in the case. The car was of a pattern that invited passengers to enter at either end. It does not appear that the position the plaintiff occupied was too close to the tracks for safety under ordinary conditions; nor does it appear, apart from the accident itself, that any particular danger attended the standing upon a pile or ridge of dirt such as was this. The fact that plaintiff attempted a crossing to the car where she saw she must encounter this particular ridge of dirt, whereas she knew that she would have encountered none had she advanced from the street on the public crossing in the front of the car, is a circumstance calling for consideration; but whether it was negligence in her so to do depends on whether such accident as here befell her should reasonably have been anticipated, that is, the giving way or yielding of the dirt which was the immediate and proximate cause of plaintiff's fall and injury. Whether it be the negligence of a plaintiff or defendant that is the subject of inquiry, the same rule governs in either case. Where the standard of care is fixed, and the standard of duty is defined by law and is the same under all circumstances, the failure to observe it may be declared negligence by the court; but when the standard shifts with the circumstances of the case, it must be submitted to

the jury to determine what it is, and whether it has been observed: West Chester and Phila. R. R. Co. v. McElwee, 67 Pa. 311.

The appeal is from the refusal of the court to take off the nonsuit. The assignment of error is sustained, and the judgment is reversed with a venire facias de novo.