# Bickley *v.* Southern Pennsylvania Traction Company, Appellant.

*Negligence—Automobiles—Street railways—Collision between car and machine.*

1. In an action to recover damages for injuries to an automobile the question of the motorman's negligence and the chauffeur's contributory negligence is for the jury, where the evidence shows that the automobile approached a crossing at a rate of six miles per hour, that the chauffeur looked and listened and saw an electric car about 160 feet from him as he neared the tracks, that the machine did not take its gas as fast as it should and was struck before it cleared the tracks, by the street car going at a rate of thirty to thirty-five miles an hour, that the legal limit at crossings was only five miles an hour, and that the automobile was hurled by the car eighteen feet along the tracks.

2. A person about to cross a street at a regular crossing is not bound to wait because a car is in sight. If it is at such a distance from him, that he has reasonably ample time to cross, if it is run at its usual rate of speed, it cannot be said as a matter of law, that he is negligent in going on.

3. Where the measure of duty is not unvarying, where a higher degree of care is demanded under some circumstances than under others, where both the duty and the extent of performance are to be ascertained as facts, a jury alone can determine what is negligence, and whether it has been proved. And this is to be ascertained from all the facts and circumstances disclosed by the testimony, and the inference to be drawn from the facts are for the jury and not for the court.

Argued Nov. 17, 1913. Appeal, No. 260, Oct. T., 1913, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1910, No. 56, on verdict for plaintiff in case of Walter S. Bickley v. Southern Pennsylvania Traction Company. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Trespass for injuries to an automobile. Before John-son, P. J.

The facts are stated in the opinion of the Superior Court.

114   BICKLEY *v.* SO. PENNA. TRAC. CO., Appellant.

Statement of Facts—Opinion of the Court.   [56 Pa. Superior Ct.

Verdict and judgment for plaintiff for $1,121.10. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*J. B. Hannum*, for appellant.—It is submitted as a matter of law that this plaintiff was guilty of the grossest kind of contributory negligence: Timler v. Phila. Rapid Transit Co., 214 Pa. 475; Griffith v. West Chester St. Ry. Co., 214 Pa. 293; Mease v. United Traction Co., 208 Pa. 434; Bornscheuer v. Traction Co., 198 Pa. 332; Hess v. Williamsport, etc., R. R. Co., 181 Pa. 492; Tozer v. Electric Ry. Co., 45 Pa. Superior Ct. 417.

*Joseph H. Hinkson*, with him *J. DeHaven Ledward*, for appellee.

OPINION BY ORLADY, J., February 20, 1914:

The plaintiff was driving his heavy automobile, containing three passengers, at a speed of about six miles an hour, on one of the streets of Chester. As he approached at right angles a grade crossing of the defendant's trolley line, and while at the curb line of the street, about fifteen feet distant from the nearer rail, he saw coming toward the crossing a trolley car, when it was 250 feet distant. He believed he had ample time to cross in safety; proceeded at increased speed, and when at the first rail of the track, the car was 160 feet away. The front part of the automobile crossed the track in safety, when it was struck by the trolley car and hurled from fifteen to eighteen feet along the track. The motorman admitted that he was behind his scheduled time, and was running at a speed of thirty to thirty-five miles an hour. An ordinance of the city, offered in evidence, required the motorman to "shut off the current, slow up the car and reduce the speed to five miles an hour when approaching any street or road, and to have the car under full control."

The trial judge instructed the jury, "It is the law that one approaching a trolley crossing must, before he goes upon the track, look and listen. He is not bound to stop, unless the danger is sufficiently imminent to require him to do so, but he is bound to look and listen, and if the car is sufficiently near to him to render it dangerous for him to go upon the track, then he must stop. Was he justified under all the evidence in this case in attempting to drive his automobile across this track? Was it something that a reasonable man, under the circumstances and under the conditions there would have done?"

A complication is added to the case, in that when the automobile entered upon the track, "She would not take her gas as fast as she should, and would not go across the track as fast as intended" by the driver, which delayed in some degree the passage across the tracks. While this is not controlling, it was for the consideration of the jury, in regard to which, the trial judge said, "take into consideration that he was driving the car, and his knowledge of his ability to control it."

The appellant urges that from the plaintiff's own testimony, he must be held to be guilty of contributory negligence, in attempting to cross the tracks in plain view of the approaching car.

It is not evident that the plaintiff made a miscalculation of the time it would take the car to reach the crossing had it approached under the usual speed, and he was not bound to mathematical accuracy in determining this question. True it is, that he knew the crossing was a dangerous one, and, that he was driving his own car, with which he was familiar. The unexpected failure of the car "to take hold of the gas" was outside of his calculations, but he was not bound to anticipate that this unlooked for thing should happen at that critical moment. His care of his own life would prompt, as the law requires, that only the reasonable and ordinary events were to be anticipated and provided against. The

jury could fairly find, from the evidence based on their knowledge and experience of the conduct of men under like conditions, that when the plaintiff saw the car approaching from the point named, and at the distance given, he had a reasonable right to think that his automobile would respond to his management of it on this occasion, as his experience in handling it at other times had induced him to believe it would do, and that the defendant's car would be operated with due care at reasonable speed, and under the control of an efficient motorman. On the defendant's showing, the motorman was negligent as evidenced by the extent and character of the wreckage, as well as his own admissions in regard to speed. He should, of course, be expected to consider in advance the likelihood of the automobile stalling on the car track, yet a jury would be warranted in finding under all the facts, that the motorman could have stopped his car and avoided the accident if he had been going at the speed fixed by the city's ordinance, or at least minimized the injury to the automobile. He was bound to know, just as well as the driver of the car, that machinery will at times not respond as it is desired, and to avoid such collisions by the exercise of reasonable precautions. It is the unbending rule of the law, that at such crossings, where each had a right to use the crossing and each owed a correlative duty to the other, the car must give timely warning and be under guarded speed, and the traveler must approach it with proper caution. In this case, the motorman had as conspicuous a view of the automobile as its driver had of the trolley car. The speed of the car was better known to the motorman,—and this was, or should have been under his control—than to a person facing its front. The chance which the plaintiff took, was that of crossing the tracks in safety, in advance of a car which was then in view, but approaching at the usual rate of speed: Spahr v. York Railways Co., 50 Pa. Superior Ct. 602.

A person about to cross a street at a regular crossing

is not bound to wait because a car is in sight.   If it is at such a distance from him, that he has reasonably ample time to cross, if it is run at its usual rate of speed, it cannot be said as a matter of law, that he is negligent in going on.   Each must be held to have seen that which was obvious: Callahan v. Traction Co., 184 Pa. 425; Hamilton v. Traction Co., 201 Pa. 351; Jones Bros. v. Railway Co., 9 Pa. Superior Ct. 65.   As said in Grupp v. Transit Co., 42 Pa. Superior Ct. 271, "It is not to be doubted that street railway companies have a superior right to the use of that portion of the street occupied by their tracks.   This right is qualified, how.ever, by that of pedestrians and travelers with vehicles to cross the track in the exercise of care.   It does not absolve a railway company from the exercise of care in like manner when using the public crossings. The public right is not extinguished, it is only subordinated to that of the railway company.   A traveler about to cross a street at a regular crossing is not bound to wait simply because a car is in sight.   So strict a rule would erect a legal barrier against the use of a large proportion of the intersecting streets by other means of travel than cars:"   Hobel v. Ry. & Light Co., 229 Pa. 507.

In this conflict of evidence the rule is that, where the measure of duty is not unvarying, where a higher degree of care is demanded under some circumstances than under others, where both the duty and the extent of performance are to be ascertained as facts, a jury alone can determine what is negligence, and whether it has been proved.   And this is to be ascertained from all the facts and circumstances disclosed by the testimony, and the inferences to be drawn from the facts are for the jury and not for the court: McMahen v. White, 30 Pa. Superior Ct. 169; Ryan v. Ardis, 190 Pa. 66; Sheetz v. Traction Co., 49 Pa. Superior Ct. 177.

The trial judge correctly stated the law in its charge to the jury, and the points submitted by the defendant did not fully and clearly present all of the legal proposi-

tions involved, so that they were rightly refused: Commonwealth v. Lewis, 222 Pa. 302.

The judgment is affirmed.