# Thorne *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Safe entrance to cars—Duty to provide—Evidence.*

1. It is the duty of a street railway company to provide a reasonably safe entrance to its cars, and where it appears that there is an obstruction to such entrance, of the company's own creation,

which has been allowed to remain for ten or more days at a point where intending passengers are invited to board the cars, when its removal would have required but a few minutes' work, the question of defendant's negligence is for the jury.

2. In an action against a street railway company to recover damages for personal injuries, it appeared that plaintiff in endeavoring to board the rear platform of a car was obliged to stand upon a mound of dirt, which had been thrown up by' the defendant in making certain repairs to its tracks, and had been left in that position for ten days or more; that while plaintiff was standing on the mound, preparing to board the car, the dirt suddenly gave way, with the result that her foot was thrown upon the track in front of the rear truck, and crushed. Defendant contended that the mounds of dirt were necessary incidents to the repair of the track; that they were distributed in the ordinary manner, and that they had not obstructed the street for an excessive period. *Held,* the question of defendant's negligence was for the jury, and judgment on a verdict for plaintiff was sustained.

Argued Jan. 7, 1914. Appeal, No. 202, Jan. T., 1913, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1908, No. 3508, on verdict for plaintiff in case of Anna B. Thorne v. Philadelphia Rapid Transit Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KINSEY, J.

The facts are stated in the opinion of the Supreme Court and in Thorne v. Philadelphia Rapid Transit Company, 237 Pa. 20.

Verdict and judgment for plaintiff for $2,000.00. Defendant appealed.

*Errors assigned* were the refusal of binding instructions for defendant and of judgment for defendant n. o. v.

*Layton M. Schoch,* and *Russell Duane,* for appellant.

*Wm. A. Glasgow, Jr.,* for appellee.

OPINION BY MR. JUSTICE STEWART, March 23, 1914:

The facts developed on the second trial of this case from the judgment in which the present appeal has been taken, differ in no essential respect from those appearing in the record of the first trial which was made the subject of review in the appeal reported in 237 Pa. 20. That appeal was by the plaintiff from a judgment of nonsuit on the ground of plaintiff's contributory negligence, which we reversed; the present appeal is by defendant from a judgment entered on verdict in favor of plaintiff. What is here assigned as error is the refusal of the court to sustain a motion for nonsuit on the ground that no negligence on part of defendant was shown, and the dismissal of motion for judgment non obstante. We have but to consider the evidence adduced by the plaintiff. If believed, it established this state of facts: The plaintiff stood, waiting the approach of a car that she might enter, at the corner of Germantown and Mt. Pleasant avenues. While she was there several cars passed without stopping, the front platform of each being crowded with passengers. Thinking that if she stood at a point where she could approach the rear of the car she would be more likely to gain entrance, she moved along the pavement for the length of a car, and there remained until she saw a car approach. She then proceeded directly out in the street to a point where she supposed the rear of the car would rest. For a block or more at either side the defendant company had been for several weeks engaged in repairing its tracks. In doing this work it had removed the Belgian blocks from between the tracks, and for a width of about a foot outside, leaving a depression of five or six inches immediately outside the track. Just beyond the depression so made between the track and the pavement, it had thrown the dirt that had been removed from between the tracks in a continuous series of mounds. This was the situation at the point where plaintiff crossed to enter the rear of

the car, and it had so continued for ten days or more. The plaintiff stood on one of the smaller of these mounds, at a sufficient and convenient distance from the track, as the car she expected to enter approached. The approaching car slackened its speed to allow a passenger to be discharged. The passenger jumped from the car while it was still in motion, close to where the plaintiff stood. The car may have come to a rest, but if it did, it started too suddenly to give opportunity to the plaintiff to enter. She turned slightly to look in the direction the car was moving, and as she did so the mound on which she was standing crumbled, or gave way, with the result that her foot was thrown upon the track in front of the rear truck of the car and crushed. The argument in support of the appeal is, (1) that the mounds of dirt along the side of the track were necessary incidents to the repairing of the track, (2) that they were distributed in the ordinary manner in a line parallel with the trench from which the earth had been taken, (3) that it was not shown that they obstructed the street for an excessive period, (4) that although the mounds may have been soft and yielding by reason of their quality, appellant had no selection of material. The answer to the argument is briefly this: It is of no present concern how the defendant company did this work of repairing its tracks, or how it distributed and aligned the mounds of displaced earth. It is the particular obstruction to the approach to its car which was the proximate cause of the plaintiff's injury that alone concerns us. This obstruction was of the defendant's own creation, and by its sufferance it had been allowed to remain for ten or more days at a point where intending passengers were invited to board its cars, when it is apparent that its removal would have required but a few minutes work with pick and shovel. It was at a point close to the track which the intending passenger would have to pass in order to board the car in the rear, except as one still more difficult was attempted. Recognizing the duty

resting upon it to provide a reasonably safe approach to its car, the company attempted to show on the trial that it had provided a path between the mounds of earth leading to the rear of the car, but the evidence was unavailing with the jury. The case calls for no further discussion.

The assignments of error are overruled, and the judgment is affirmed.