## Knasiak v. Rambo, Appellant.

*Negligence—Reckless shooting of firearms—Case for jury.*

In an action by a girl to recover damages for the loss of an eye caused by the alleged careless firing of a rifle, the case is for the jury, and a verdict and judgment for plaintiff will be sustained where the evidence tends to show that the defendant was familiar with the use of the rifle, that the weapon in question carried from a mile to a mile and a half, that the defendant fired the gun from the window of his father's house to frighten some boys stoning an apple tree in the orchard, that the plaintiff was struck while walking with other girls along a lane on the farm of defendant's father, much frequented by the public without objection by the owner of the land, and it is fairly deducible from the evidence that the ball was shot in the direction of the girls, or if not, was deflected towards them by striking some obstruction in its course.

Argued Dec. 1, 1913. Appeal, No. 3, Oct. T., 1913, by defendant, from judgment of C. P. Montgomery Co., Oct. T., 1911, No. 157, on verdict for plaintiff in case of Peter Knasiak in his own right, and as father and next friend of Frances Knasiak, a minor, v. A. Sidney Rambo. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WEAND, J.

At the trial it appeared that on August 1, 1911, about

6.30 P. M. Frances Knasiak, a girl about fourteen years old, was shot in her right eye by a bullet from a Krag-Jorgensen rifle fired by the defendant. The accident happened on the farm of William B. Rambo, the father of the defendant. Plaintiff at the time was walking in a private lane on the land of Mr. Rambo with some other girls. This lane was much frequented by the public. The plaintiff fired the shot from the window of his father's house, for the purpose, as he stated, of frightening some boys who were throwing stones into an apple tree in an orchard near the house. The girls were beyond the orchard, and the defendant stated that he did not see them. Other facts appear by the opinion of the Superior Court.

Verdict and judgment for Peter Knasiak for $407.14 and for Frances Knasiak for $552. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Montgomery Evans*, with him *J. B. Colahan, 3d., Aaron S. Swartz, Jr.*, and *John M. Dettra*, for appellant. —The act of shooting under the circumstances was not a wanton act as against the plaintiff and should have been so held by the court as a matter of law: Geyer v. U. S. Express Co., 50 Pa. Superior Ct. 301; Trexler v. Baltimore & Ohio R. R. Co., 28 Pa. Superior Ct. 207; Hoag v. Lake Shore, etc., R. R. Co., 85 Pa. 293; Douglass v. R. R. Co., 209 Pa. 128; Alabama, etc., R. R. Co. v. Hall, 17 So. Repr. 176; Memphis & C. R. R. Co. v. Martin, 117 Ala. 367; Montgomery Street Ry. Co. v. Rice, 38 So. Repr. 857; Birmingham Ry. & Electric Co. v. Bowers, 20 So. Repr. 345; Bird v. Holbrook, 4 Bing. 628; Huey v. Smith, 26 Pitts. L. J. 181; Phila. & Reading Ry. Co. v. Hummell, 44 Pa. 375.

The firing of the gun was not the proximate cause of the accident: Hoag v. Lake Shore, etc., R. R. Co., 85 Pa. 293; Wood v. Penna. R. R. Co., 177 Pa. 306;

Penna. R. R. Co. v. Kerr, 62 Pa. 353; South-Side Passenger Ry. Co. v. Trich, 117 Pa. 390; West Mahanoy Twp. v. Watson, 116 Pa. 344; Douglass v. R. R. Co., 209 Pa. 128; Cleghorn v. Thompson, 64 Pac. Repr. 605.

*G. Carroll Hoover*, for appellee.—A person may be regarded as acting "wantonly" who acts without regard to propriety or the rights of others, or is careless of consequences and yet without settled malice: National Folding Box & Paper Co. v. Robertson's Est. (U. S.), 125 Fed. Repr. 524; Hankins v. Watkins, 77 Hun (N. Y.), 360.

Whether the defendant was guilty of negligence in the discharge of the firearm to the injury of another or his property is a question for the jury: Cole v. Fisher, 11 Mass. 137; Moebus v. Becker, 46 N. J. Law, 41.

OPINION BY HENDERSON, J., April 20, 1914:

The assignments of error raise a single question: Should the court have given binding instructions for the defendant? There was no doubt in regard to the injury sustained by Frances Knasiak and the evidence tended strongly to show that this injury was produced by a bullet fired from a Krag-Jorgenson rifle by the defendant. The defense set up was that the act of the defendant was not wanton and that the glancing of the bullet, not the firing of the gun, was the proximate cause of the injury. The case was tried on the assumption by the learned trial judge that the plaintiff, Frances, was a trespasser and that it was incumbent on the plaintiffs to prove wantonness on the part of the defendant to make out a case. The question of the defendant's culpability in this respect was submitted to the jury with instruction so satisfactory to the defendant that no exception was taken to it. We are not ready to agree with the court in holding that as between the defendant and the plaintiff she was a trespasser. The defendant was not the owner of the land where the

injury occurred nor a resident there, and there was evidence from which the jury might have inferred that Frances and her companions and other persons who passed through the lane in which the young girls were when the shot was fired so used the premises frequently with the knowledge of the owner and without objection on his part. The evidence showed that the lane was open from the public highway to the quarry and that this was used by persons walking for pleasure as well as by those having business at the quarry. At least five girls, two of them carrying little children in their arms, were in the lane at the time the shooting occurred. Passing this view of the case, however, we think the evidence presented at the trial raised a question of fact exclusively for the consideration of the jury. The defendant used a rifle which had a range according to his own testimony of from a mile to a mile and a half. He was standing as the plaintiff's evidence shows on a porch at his father's house and as stated by him he was in the house and fired out of a window. His object was to frighten some boys who were throwing stones into an apple tree in an orchard back of the house. The young girls were beyond the orchard in the lane near the quarry. Two of the plaintiff's witnesses testified that they saw the defendant shooting and that his gun was pointed in the direction of the place where they were. The defendant said that he did not shoot at the boys but pointed his gun toward a pile of stones and lime at the side of the lane beyond the girls. It would be a justifiable conclusion from this evidence that the rifle ball passed through the orchard and that meeting some obstruction its course was directed toward the group of girls. The defendant denied that he saw them; two of them testified that they saw him using the gun and that they saw the boys in the orchard. The location was near a factory in which the girls were employed, and they walked out after the day's work along the public road to the quarry lane. It was a thickly settled locality,

and a jury might well conclude that persons were frequently walking in the evening on the highway and in its vicinity. Much of the evidence was illustrated by a plot of the premises and by indications by the witnesses during the progress of their examination. The plot is not presented in the paper-book, and the indications of the witnesses cannot be brought into the record. We have not therefore the same opportunity to understand the significance of the evidence which the court and jury had at the trial. Enough is disclosed, however, to lead us to the conclusion that the court could not with propriety have withdrawn the case from the jury. Argument is not necessary to show that loaded firearms are dangerous and that a rifle having the capacity to inflict injury at a distance of a mile or a mile and a half from the place where it is discharged is more than ordinarily dangerous. The person using such a weapon is bound to a high degree of care to prevent injuries to others. All the cases hold a strict rule of accountability for the want of extraordinary care in the use of firearms. The law on the subject was thus stated in Welch v. Durand, 36 Conn. 182: "Shooting at mark is lawful but not necessary and may be dangerous and the law requires extraordinary care to prevent injury to others; and if the act is done where there are objects from which the balls may glance the act is wanton, without due care and grossly negligent." In the same case it was held that it is immaterial that the injury was unintentional and that the ball glanced from the intended object. The same rule is supported in Moebus v. Becker, 46 N. J. L. 41; Bullock v. Babcock, 3 Wend. 391; Benson v. Ross, 106 N. W. Repr. (Mich.) 1120; Sherman & Redfield on Negligence, sec. 686; Hankins v. Watkins, 77 Hun, 360. In Smith v. Com., 100 Pa. 324, where a passenger in a railway car intending in a spirit of bravado to shoot into the floor of the car discharged a pistol and in so doing wounded a passenger in the foot it was held that the act was reckless, that the law

implied malice and an indictment was sustained on the facts. When it is considered that there were many persons within the range of the defendant's gun, that there was disputed evidence as to the direction in which he fired and as to whether he might have seen some of the persons in the lane and that he was firing over a line obstructed by trees and in a vicinity where the plaintiff's evidence tends to show people daily resorted, it was not for the court to say whether the defendant exercised the caution that the situation required. Negligence generally is a deduction of fact from several facts and circumstances disclosed by the testimony after their connection and relation to the matter in issue has been traced and their weight and force considered: Ireland v. Plank Road Co., 13 N. Y. 526. Where the standard of care shifts with the circumstances of the case it cannot be determined as a matter of law. Where the measure of duty is not unvarying, where a higher degree of care is required under some circumstances than under others, where both the duty and the extent of its performance are to be ascertained a jury must determine what is negligence: McCully v. Thaw, 40 Pa. 399; Westchester & Philadelphia Railroad Co. v. McElwee, 67 Pa. 311. The defendant was familiar with the use of a rifle and presumably had knowledge of the tendency of a rifle ball to be deflected by an intervening object in the line of sight, and if the shooting was done in the direction shown by the evidence for the plaintiffs it is not difficult to account for the course of the ball through the orchard. The defendant could not know that the line of flight of the ball would be changed, but ordinary experience would suggest the probability of such an occurrence; and in a locality as thickly settled as was that, the field of danger with a gun of the kind used by the defendant was wide. That the defendant's action was the proximate cause of the injury if the shooting took place as the plaintiffs claim we think is clear. A glancing shot caused by the obstruction of a tree or

the stone pile at which the defendant alleges he aimed was a probable result which the defendant ought to have anticipated. The able argument of the learned counsel for the appellant has not convinced us that the case should be disposed of as one of law.

The assignments are therefore overruled and the judgment affirmed.