## Kramer *v.* Standard Steel Car Co., Appellant.

*Appeals—Evidence—Inference from evidence.*

1. On an appeal by defendant from a judgment entered on a verdict for plaintiff, the appellate court must assume in the latter's favor every fact and inference properly deducible from the evidence.

*Negligence—Standard of care—Case for jury.*

2. Where there is no fixed standard of care and its measure shifts according to circumstances, the question of defendant's negligence is usually for the jury.

*Negligence—Master and servant—Disobedience of rules of master—Third party—Contributory negligence.*

3. A servant's failure to comply with the master's rules, is not per se contributory negligence, as to a third party.

*Negligence—Railroads—Brakeman—Orders of conductor—Contributory negligence.*

4. Where a brakeman acts in obedience to the orders of the conductor of the train and is injured, he cannot ordinarily be charged

with contributory negligence because he obeyed the conductor's orders.

*Appeals—No assignment of error—Verdict—Excessive verdict.*

5. The appellate court will not consider a complaint that a verdict was excessive, where no assignment of error raises such question.

Argued October 6, 1924. Appeal, No. 134, Oct. T., 1924, by defendant, from judgment of C. P. Butler Co., Sept. T., 1924, No. 91, on verdict for plaintiff, in case of Ralph Kramer v. Standard Steel Car Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before HENNINGER, P. J.

The opinion of the Supreme Court states the facts.

The court charged in part as follows: "Were the cars that collided with the Forged Steel Wheel Company's train standing or were both trains moving when the accident occurred? If the defendant company's cars were not moving when the accident occurred we say as a matter of law then there is no evidence of negligence on the part of the defendant and the verdict must be for the defendant, but if you find that both trains were moving at the time of the accident, then you must consider defendant's action and determine whether or not it was negligent in the operation of its train.

"The law has defined negligence as being the want of ordinary care under the circumstances. It is the failure to do what an ordinary, prudent and careful person would have done, or not to do what an ordinary, prudent and careful person would have done under the same or like circumstances, and if you find that the crew in charge of the defendant company's train at the time of the accident was not using the care that a person of ordinary prudence and care would have used, then you will find the defendant negligent." (7)

Verdict and judgment for plaintiff for $20,000. Defendant appealed.

*Errors assigned* were various instructions, quoting record, and (7) portion of charge as above, quoting it.

*John H. Wilson,* with him *Samuel Walker,* for appellant.

*James E. Marshall,* of *Marshall & Watson,* with him *Fred J. Heim,* for appellee.

OPINION BY MR. JUSTICE WALLING, November 24, 1924:

The plant of the Standard Steel Car Company, defendant, is located at Butler, and extending westerly therefrom it has a system of railroad tracks, which separates the plant of the Forged Steel Wheel Company (herein called the "Wheel Company") from the tracks of the Bessemer & Lake Erie Railroad Company. A public highway known as "The Township Road" crosses this system of tracks, and about nine hundred feet to the west is a scale house. What is called "the scale track," part of defendant's system, extends from the above mentioned public road, passes the scale house and thence connects with the railroad. By agreement between the Wheel Company and the defendant, the freight cars serving the former pass in and out upon the scale track of the latter. The Wheel Company has a yard engine and crew by which out-going freight cars are moved easterly upon its track to near the public road and thence by means of a crossing switch are transferred to the scale track where they are picked up by defendant's yard engine and placed on the railroad tracks. On February 23, 1923, the Wheel Company's yard engine drew nine empty out-going coal cars from its yard and was placing them on the scale track in the usual manner when they so violently collided with cars of the defendant on the same track that the plaintiff, Ralph Kramer,

a yard brakeman in the Wheel Company's employ, was thrown under a car wheel and permanently crippled.

The trial developed a sharp conflict in the evidence, but on this appeal by defendant, from judgment entered on a verdict for plaintiff, we must assume in the latter's favor every fact and inference properly deducible from the evidence. So doing, it appears that the Wheel Company's cars were being placed on the scale track in the customary manner and at the usual hour, of which the conductor on defendant's yard engine had actual notice; yet backed a train of cars east on this track at the speed of from ten to fifteen miles an hour, striking the Wheel Company's cars, while yet connected with their engine and moving slowly in the opposite direction, with sufficient force to stop the nine cars and engine and shove them back some eight or ten feet, and that no person was on the rear end of defendant's train and no warning was given of its approach.

Under such circumstances it could not be affirmed as matter of law that defendant was free from negligence. Where as here there is no fixed standard of care and its measure shifts according to the circumstances, the question of negligence is usually for the jury: Jester v. Phila., B. & W. R. R. Co., 267 Pa. 10; Thorne v. Phila. Rapid Transit Co., 237 Pa. 20; West Chester & Phila. R. R. Co. v. McElwee, 67 Pa. 311; Bickley v. So. Penna. Trac. Co., 56 Pa. Superior Ct. 113. "Where there is a doubt as to the inference to be drawn from the facts, or where the measure of duty is ordinary and reasonable care, and the degree of care required varies with the circumstances, the question of negligence is necessarily for the jury": Rusterholtz v. R. R. Co., 191 Pa. 390, 401; and see Cohen v. Phila. & Reading R. R. Co., 211 Pa. 227; McNeal v. Ry. Co., 131 Pa. 184. Defendant's train, which caused the collision, took out the nine cars immediately thereafter, which justifies the conclusion that it ran in there for that purpose; whether under the cir-

cumstances it was negligently operated was for the jury to determine.

The crew on the Wheel Company's engine consisted of a conductor, engineer, fireman and plaintiff, a brakeman; but at the time of the accident the conductor was absent and had left the work of placing the cars on the scale track in charge of plaintiff, who while doing so looked along the track and saw it was clear. His engine was at the east end of the nine cars and facing west. He stepped off the engine when near the highway to be in position to throw the switch, which he did at the proper time, and when the cars came in on the scale track stepped on the foot board of the engine to ride some fifty feet, where he was to cut off the nine cars, but the collision happened before reaching that point. While the question of contributory negligence is strongly urged by appellant, there were no facts nor circumstances in the case to warrant the trial court in so declaring. As plaintiff had to uncouple the cars from the engine he could not be at the front end of his train and was not, as matter of law, negligent because the Wheel Company had failed to place a man there, nor because he was standing on the foot board of the engine; he was obeying the conductor as he had been instructed to do. It is claimed he was violating some of the rules of the Wheel Company; this was disputed, as was the question of his knowledge of the rules. Moreover, a servant's failure to comply with the master's rules would not be per se negligence as to a third party.

Each of appellant's requests called for binding instructions which could not have been granted, as the case was for the jury. The excerpt from the charge, which is assigned as error, is so entirely accurate as to require no comment.

Complaint is made that the verdict was excessive, but as no assignment of error raises that question, it need not be considered.

The judgment is affirmed.