# Feldman, Appellant, v. Chernekoff.

*Negligence—Automobiles—Right-angle collision — Contributory negligence—Nonsuit.*

In an action for personal injuries resulting from a right-angle collision betwen two automobiles at the intersection of streets, a nonsuit is properly entered where it appears that plaintiff was driving his car at such a rate that he could have stopped it within a foot or two on approaching the crossing, that he first saw defend-

ant's car, which had the right of way, when it was 30 or 40 feet, away, that instead of stopping, which he could have done, he continued on his way, and that the right rear of plaintiff's car was struck by the front of defendant's machine and pushed forward about ten feet, when both cars came to a standstill.

Argued December 2, 1927.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 274 and 275, by plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1926, Nos. 3056 and 3057, refusing to take off nonsuit, in case of King M. Feldman v. Max Chernekoff and King M. Feldman and Isabel G. Feldman, his wife, v. Max Chernekoff. Affirmed.

Trespass for personal injuries.    Before STERN, P. J. The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off.    Plaintiff appealed.

*Error assigned,* inter alia, was refusal to take off nonsuit, quoting record.

*Nochem S. Winnet,* with him *James J. Welsh,* for appellants.

*Ralph B. Evans,* for appellee.

PER CURIAM, January 3, 1928:

In this action for negligence, the court below entered a compulsory nonsuit as to plaintiff King M. Feldman, which it subsequently refused to remove, and this appeal ensued.

The suit grew out of a right-angle collision at the intersection of two streets in the City of Philadelphia. Plaintiff's car, driven by himself, was going north when defendant's car was approaching it from the right, which gave the latter the right of way.    Plaintiff first saw defendant's car when it was from 30 to 40 feet away;

he did not take notice of the speed at which it was traveling, but, as stated in his brief, "believing he could cross safely, he continued on his way," and the collision took place, the right rear of plaintiff's car being struck by the front of defendant's machine and pushed about ten feet to the west, when both cars came to a stop. Plaintiff admitted on the stand that his car was going so slowly that he could have stopped it within a foot or two; that, had he done so when he first saw defendant's machine, there would have been room for defendant to pass in front of him. Under these circumstances, the court below properly disposed of the case. For a statement of the controlling rules of law, see Weber v. Greenebaum, 270 Pa. 382; and for a case somewhat like the present one on its facts, see Frank v. Pleet, 87 Pa. Superior Ct. 494.

The order appealed from is affirmed.