Jackson et al., Appellants, *v.* Curry.

64

Argued October 17, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*S. Donald Swartz,* of *Swartz, Campbell & Henry,* for appellants.

*G. A. Troutman,* and with him *J. W. McWilliams* and *C. S. Wesley,* for appellee.

OPINION BY PARKER, J., March 1, 1935:

Appellants, father and son, plaintiffs in an action to recover damages for injuries suffered by the minor in a collision at a street intersection, assign as error

the entry of a judgment n. o. v. for the defendant. This being the sole question involved, we will review the evidence in a light most favorable to the plaintiffs and give them the benefit of every reasonable inference tending to support the verdicts.

The accident occurred at the intersection of North 46th Street and Haverford Avenue in the city of Philadelphia. North 46th Street meets Haverford Avenue on its north line at right angles. At the intersection, 46th Street as it leads to the south bears to the right, or west, by an angle of sixteen degrees. That street south of Haverford Avenue is twenty feet wider than it is north of that street, and the additional width is on the west side so that if the west curb line of 46th Street north of Haverford Avenue is projected southerly it intersects the south curb line of Haverford Avenue forty feet east of the west curb line of 46th Street south of Haverford Avenue. Haverford Avenue is forty-four feet in width between curbs and has on it two street car tracks.

On April 1, 1931, at about 11:00 A. M., while it was raining hard, the minor plaintiff was approaching the intersection from the west on Haverford Avenue driving a motorcycle. When the minor was about two hundred feet west of the intersection, he observed the defendant's car standing on 46th Street about two to four feet inside the north curb line of Haverford Avenue. At that time plaintiff was moving between the street car lines and the south curb at a rate of eighteen or twenty miles an hour, and as he approached the curb line of 46th Street to the south slowed down to four to six miles an hour. On approaching this curb line, he looked to the north again and saw the defendant's car still standing in the same position. He then continued east, looking to the south, and was struck by defendant's car driven by an employee when about fifteen feet west of the east curb

line of 46th Street south of Haverford Avenue and three feet south of the street car tracks. He had not seen the car approaching and admitted that there was not any other traffic on either street at the time of the accident.

We are all of the opinion that the questions of defendant's negligence and plaintiff's contributory negligence were for the jury. We have not overlooked the fact that it is as much the duty of a driver of a motor car crossing an intersection to use due care to avoid an accident when the driver of the other car is negligent as it is if the other was not negligent (Mehler v. Doyle, 271 Pa. 492, 115 A. 797), and that the Supreme Court has held over and over again that it is the duty of drivers of cars to approach street intersections with care and that at such crossings drivers must be exceedingly vigilant to have their cars under such control that they may stop at the slightest sign of danger: Robb v. Quaker City Cab Co., 283 Pa. 454, 129 A. 331; McClung v. Penna. T. Cab Co., 252 Pa. 478, 97 A. 694. This street intersection presented a situation differing from a right angle intersection where the streets continue in both directions at the same width. A driver coming from the north and intending to continue south on 46th Street would properly turn with the street at an angle of sixteen degrees from a straight line so that he would reach the west line of traffic on 46th Street south of Haverford Avenue. While, as we have indicated, the west line of 46th Street north of Haverford Avenue projected would strike the south line of Haverford Avenue forty feet east of the west curb line of 46th Street south of Haverford Avenue, to follow such a course would lead directly against traffic coming north on 46th Street. It appears from the evidence that the defendant, in place of turning with the street, continued in a straight line so that the jury might have found that

the plaintiff's motorcycle was not struck by defendant until the minor plaintiff had reached the north line of traffic on 46th Street.

It was the duty of the plaintiff not only to observe traffic coming from the north but likewise to watch for cars approaching from the south and for possible pedestrians on the crossings. The jury could have found from the evidence that the plaintiff observed the defendant's car in a standing position on the north side of Haverford Avenue when the minor plaintiff was two hundred feet west of 46th Street; that he moderated his speed so that he approached the intersection at a rate of from four to six miles an hour; that during this time he observed defendant's car standing still and that it was yet standing when he came to 46th Street; and that proceeding at a slow rate he arrived in the line of travel of vehicles coming north on 46th Street before he was struck. Under such circumstances, we cannot say as a matter of law that plaintiff was guilty of contributory negligence.

"Where the standard of care is fixed, and the standard of duty is defined by law and is the same under all circumstances, the failure to observe it may be declared negligence by the court; but when the standard shifts with the circumstances of the case, it must be submitted to the jury to determine what it is, and whether it has been observed": Thorne v. P. R. T. Co., 237 Pa. 20, 23, 85 A. 25; West Chester & Phila. R. R. Co. v. McElwee, 67 Pa. 311. Contributory negligence is to be declared as a matter of law only in clear cases: Shaffer v. P. R. R. Co., 258 Pa. 288, 292, 101 A. 982; Turner v. Phila. R. T. Co., 100 Pa. Superior Ct. 291, 293. The rule of care according to circumstances may be summed up as "requiring one to be guided by what a reasonably prudent person would do" (Weschler v. B. & L. E. T. Co., 293 Pa. 472, 475, 143 A. 119); and if there is doubt, or it is

clear that the ordinary reasonable man would act as the injured party did, the case is for the jury. The more we study the evidence in this case, the greater our doubt becomes, and, as negligence is to be determined as a matter of law only in clear cases, where the degree of care varies with the circumstances and there exists a doubt as to the inferences to be drawn, the question of negligence is for the jury. Under the circumstances here present, it was for the jury and not for the court to determine the question of contributory negligence.

The court below relied very largely on the case of Wescott v. Geiger, 92 Pa. Superior Ct. 80. That case has been followed by this court in Schneider v. Amer. Stores Co., 100 Pa. Superior Ct. 339, and McAmbley v. Martin, 100 Pa. Superior Ct. 593. The same principles were also announced by the Supreme Court in Feldman v. Chernekoff, 291 Pa. 456, 140 A. 269. These cases are all distinguished from the present case by the fact that in those cases plaintiff drove in front of a rapidly moving car, while here the defendant's car was standing still and had been in that position while the plaintiff travelled at least two hundred feet. It is a very different situation to drive in front of a moving car and to pass one that is standing still. It is not our intention to depart in the least from the cases to which we have referred, but where, as here, a car is standing still and the plaintiff is proceeding as we have indicated, the question of contributory negligence becomes one for the jury.

The judgment is reversed, and it is directed that judgments be entered on the verdicts for the plaintiffs.