## Reinard, Appellant, *v.* Lehigh Valley Transit Company.

Argued April 12, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

344

*Robert E. Haas,* with him *Morris Efron,* for appellant.

*Henry L. Snyder,* of *Snyder, Wert & Wilcox,* for appellee.

OPINION BY MR. JUSTICE LINN, May 8, 1939:

This appeal is from the refusal to take off a compulsory nonsuit entered in the trial of an action for damages for personal injuries. The opinion filed on behalf of the court in banc so fully vindicates the action of the learned trial judge that little need be added here.

On Albright Avenue, extending north and south, in the city of Allentown, defendant 'operated a single street car track constructed from 1½ to 2 feet from the east line of the avenue. It was crossed at right angles by Greenleaf Street. At about four o'clock in the afternoon of April 9, 1937, during a slight rain, the plaintiff, driving a truck containing flowers which he was distributing for his employer, was struck by a street car and seriously injured. He was driving westward on Greenleaf street. When he reached a point about 20 feet from the nearest rail he saw the street car approaching about 150 feet away on a slightly descending grade; he then reduced his speed to about 10 miles an hour and continued toward the track. When his truck reached a point where, if he had stopped, the front of it would have been struck by the overhang of the approaching street car, he looked a second time and saw

the street car approaching, as he thought, about 75 feet away; concluding that he could get over before the street car reached him, he continued to cross. Instead of crossing in safety, his truck was struck by the street car at a point described by one of his witnesses as "just front of the rear fender." By his own account, it appears that when he made his second observation for the approaching car, his truck was within the area at which the approaching street car (which had the right of way) was bound to strike it.* Had he stopped there and been struck, his failure to make his second observation at an earlier time would have been such contributory negligence as to bar recovery. That omission operates against him during the entire transaction. He was not asked whether he might have reversed his truck and backed away from the course of the overhang of the street car. He did not improve his position by going forward from the point of danger in which his own carelessness had placed him. It was necessary that he have his truck under control when he arrived at the intersection; he was familiar with it. He was bound to consider that traffic approaching on his right had, in some respects, a right of way superior to his. See *Feldman v. Chernekoff*, 291 Pa. 456, 140 A. 269; *Kilpatrick v. P. R. T.*, 290 Pa. 288, 138 A. 830; *Evans v. Pittsburgh Rys. Co.*, 283 Pa. 180, 128 A. 917.

Judgment affirmed.

---

* "Q. When the trolley was seventy-five feet away, you were still on the safe side of the tracks and you would not have been hit? A. It might have hit the bumper. Q. You wouldn't have been struck if you would have stayed twenty feet east of the tracks, would you? A. No, sir."