# Hamilton *v.* Consolidated Traction Company, Appellant.

201 351
d 19 SC ¹446

*Negligence—Street railways—Collision between car and wagon.*

A person about to cross a street at a regular crossing is not bound to wait because a car is in sight. If a car is at such a distance from him that he has ample time to cross, if it is run at the usual speed, it cannot be said as matter of law that he is negligent in going on.

In an action against a street railway company to recover damages for personal injuries sustained in a collision between a car and a wagon at a crossing of a double track railway, the court commits no error in submitting the case to the jury, where the evidence of the plaintiff, although contradicted practically at every point, is in effect that he approached the crossing in a careful manner watching for a car in both directions; that while he looked before he arrived at the point beyond the house line where he could see, he, also, continued to exercise prudence and care in this respect after he reached this point, that when he had cleared the house line he first saw the approaching car; that before that time he had heard no bell or other signal, and had no reason to apprehend any difficulty in crossing; that at the moment when he first could and did see the car it was at least 220 feet from him, and his horses were about stepping over the track; that the car was run very fast, and that the motorman was standing away from his brake, and not looking ahead.

Argued Nov. 4, 1901. Appeal, No. 123, Oct. T., 1901, by defendant, from judgment of C. P. No. 3, Allegheny County, Nov. Term, 1900, No. 78, on verdict for plaintiff in case of William C. Hamilton v. Consolidated Traction Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

The circumstances of the accident are detailed in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Edwin W. Smith* with him *Knox & Reed*, for appellant.—It is the duty of a traveler about to drive across a street railway to stop, look and listen at the edge of the track, and his neglect to do so is negligence per se: Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180; Brown v. Pittsburg, etc., Traction Co., 14 Pa. Superior Ct. 594.

The case of Bornscheuer v. Consolidated Traction Company, 198 Pa. 332, governs this case.

*J. S. Ferguson,* with him *E. G. Ferguson* and *Robert H. Douglass,* for appellee.—The case was for the jury: Buzby v. Philadelphia Traction Co., 126 Pa. 559; Kohler v. Penna. R. R. Co., 135 Pa. 346; Christman v. Phila. & Reading R. R. Co., 141 Pa. 604; Becker v. Penna. R. R. Co., 10 Pa. Superior Ct. 19; Breunniger v. Penna. R. R. Co., 9 Pa. Superior Ct. 461; McGovern v. Union Traction Co., 192 Pa. 344; Callahan v. Phila. Traction Co., 184 Pa. 425.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1902:

The plaintiff was injured by a collision between his wagon and a car of the defendant company at the intersection of Old avenue and High street in the city of Pittsburg, on the afternoon of May 21, 1900. Old avenue runs almost parallel with Fifth avenue and crosses High street at a point about 250 feet from Fifth avenue. The defendant company occupies High street with a double track of street railway from Fifth avenue to Forbes street.

Plaintiff's testimony shows that on the day of the accident he was driving east on the south side of Old avenue in a covered wagon, drawn by two horses. There were windows in the side of the wagon covering through which he could see. As he proceeded toward High street, he was watching for a car but heard no bell or other signal of an approaching one. He looked towards Forbes street, and saw no car; then he looked in the opposite direction and saw a car turning from Fifth avenue on to High street. He says that at that time the motorman was looking out Fifth avenue, and was standing away from his brake. The plaintiff was then from 220 feet to 230 feet from the car. At the time he saw the car he had just passed the property line of High street and his horses were about step-

ping over the west track.   Believing that he had time to cross
the track in safety, he drove on.   As he did so an east-bound
car stuck the rear wheel of his wagon near the hub and threw
the wagon over and injured the plaintiff.   At the place of the
accident, Old avenue is about forty feet between curbs, and
forty-five or fifty feet between the house lines.   According to
the plaintiff's testimony the car did not stop as it turned off
Fifth avenue, and ran very fast along High street with nobody
in control of it.   The plaintiff says he was cautious in approach-
ing the crossing, as he had been almost caught there by a car
on a former occasion.   Although listening, he heard no bell or
other signal of an approaching car as he neared the crossing.

Every material part of the plaintiff's testimony was contra-
dicted by the evidence of the defendant.   It tended to show
that the plaintiff approached the crossing at a rapid and reckless
speed, without looking for a car, and that he drove on the track
when the car was about ten feet from him ; that the car stopped
when it turned on to High street, and ran slowly down to Old
avenue sounding the gong.   It is denied that the motorman
was looking out Fifth avenue and did not have his hand on the
brake or controller at the time he turned on to High street, or
while the car was moving along that street.

At the conclusion of the testimony, the defendant requested
the court to charge that under all the evidence the verdict must
be for the defendant.   This request was refused, and the case
having been submitted to the jury, a verdict was rendered for
the plaintiff.   The answer to the defendant's point is the only
error assigned.

The question involved in this appeal as stated by the de-
fendant is whether or not the plaintiff was guilty of negligence
contributing to his injuries.   It is urged by the defendant's
counsel in support of the appeal that the plaintiff's testimony
shows that he did not exercise proper precaution in approaching
the crossing, and that the accident is attributable to his own
carelessness.

We are not convinced that the learned trial judge commit-
ted error in refusing to withdraw this question from the jury.
While that body under the testimony submitted might well have
sustained the defendant's contention yet there was sufficient
evidence on which to base a verdict for the plaintiff.   Accord-

ing to his testimony, he approached the crossing in a careful manner, watching for a car in both directions. While he looked before he arrived at the point beyond the house line where he could see, he, also, continued to exercise prudence and care in this respect after he reached this point. When he had cleared the house line, he first saw the approaching car. Before that time, he had heard no bell or other signal and had no reason to apprehend any difficulty in crossing. At the moment when he first could and did see the car, it was at least 220 feet from him and his horses were about stepping over the track. He then had the right to assume that the car would run at the usual rate of speed which unquestionably would have permitted him to pass the track without danger of a collision. He was not required to act upon the presumption that the motorman's inattention to his duties when leaving Fifth avenue would continue until the High street crossing was reached. The opposite conclusion was the reasonable one, and would justify the plaintiff in proceeding to cross the track. "A person about to cross a street at a regular crossing," says our Brother FELL, in Callahan v. Phila. Traction Co., 184 Pa. 428, "is not bound to wait because a car is in sight. If a car is at such a distance from him that he has ample time to cross, if it is run at the usual speed, it cannot be said as matter of law, that he is negligent in going on. The rule to stop, look and listen, applicable to the crossing of steam roads applies only in part to the crossing of street railways. There is always a duty to look for an approaching car and if the street is obstructed to listen and in some situations to stop." The plaintiff here listened before he arrived at the property line, but had he stopped and looked he would not have seen the approaching car, for the reason it is true that his view would have been obstructed, but also for the stronger reason that there was no car at that time on High street. He saw the car the moment it entered upon High street seventy-five yards distant, and that was the first time it could have been seen or he could have known that it would come down High street and cross Old Avenue. He then had just passed the property line, and his horses were about to step over the track. Up to this time, regarding the plaintiff's testimony as true, he had exercised the care required of him in approaching the crossing. His subsequent conduct, as has been said, cannot be regarded as negligent.

The plaintiff's contributory negligence and the defendant's negligence were questions for the determination of the jury. The case was submitted in a fair and adequate charge, to which no exception was taken, and we see no reason to interfere with the result.

The assignment of error is overruled and the judgment is affirmed.