## Hicks et ux., Appellants, *v.* Altoona and Logan Valley Electric Railway Company.

*Negligence—Street railways — Team — Right angle collision — Excessive speed of car—Failure to give warning of approach— Horses beyond driver's control—Death—Contributory negligence— Case for jury.*

1. It is the duty of a driver of a team to look in both directions immediately before entering upon the tracks of a street railway.

2. In an action against a street railway company to recover for the death of plaintiff's decedent, resulting from a right-angle collision at a street intersection between a team which decedent was driving and a trolley car, the questions of defendant's negligence and decedent's contributory negligence were for the jury where it appeared that at the time of the collision defendant's car was running at a speed of from 30 to 35 miles an hour; that it approached the crossing without attempting to reduce its speed or give warning of its approach;  that the curb lines of both streets were occu-

pied by trees and the view of the decedent was interfered with by the foliage to such an extent that he could not see the car until he had passed the curb line; that witnesses who observed the accident from the car stated .that they first saw the decedent when the car was about 200 feet from the point of the collision and the horses' heads were then within about 12 feet of the track, advancing on a down grade at "a little jog" or "fast walk"; and where there was evidence that when the horses were about 20 feet from the track the decedent, who was an experienced horseman, made every effort to stop his team but was unable to do so; and that the horses were struck by the car and dragged a distance of 130 feet, throwing decedent out and causing his death.

Argued April 17, 1917. Appeal, No. 226, Jan. T., 1916, by plaintiffs, from judgment of C. P. Blair Co., June T., 1912, No. 211, refusing to take off compulsory nonsuit in case of J. H. Hicks and Sarah Hicks v. Altoona and Logan Valley Electric Railway Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCH-ZISKER, JJ. Reversed.

Trespass to recover for death of plaintiffs' son. Before SEIBERT, P. J.

The facts appear by the opinion of the Supreme Court.

The lower court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiffs appealed.

*Error assigned* was in refusing to take off the nonsuit.

*A. V. Dively,* for appellants.—The case was for the jury: Conyngham v. Erie Electric Motor Co., 15 Pa. Superior Ct. 573; Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213; Hamilton v. Consolidated Traction Co., 201 Pa. 351; Spahr v. York R. R. Co., 50 Pa. Superior Ct. 602.

Where the views of a motorman of a trolley car and a vehicle driver approaching a street intersection are obstructed, the duty rests upon both to exercise more than ordinary care: Vincent v. Lehigh Valley Transit Co.,

220 Pa. 350; Talley v. Chester Traction Co., 227 Pa. 393; Halloran v. Worcester Consolidated St. Ry. Co., 192 Mass. 104.

*Thomas H. Greevy,* for appellee.—It was the duty of the decedent to look, listen and to stop if there was any obstruction to his view.

The nonsuit was properly entered: Ervay v. Waverly, Sayre & Athens Traction Co., 240 Pa. 440; Clift v. Philadelphia & West Chester Traction Co., 52 Pa. Superior Ct. 502; Odbert v. Webster, Monessen, Bellevernon & Fayette City St. Ry. Co., 50 Pa. Superior Ct. 525; McCartney v. Union Traction Co., 27 Pa. Superior Ct. 222; Bane v. Pittsburgh Rys. Co., 243 Pa. 427; Smathers v. Pittsburgh & Butler St. Ry. Co., 226 Pa. 212; Hamilton v. Consolidated Traction Co., 201 Pa. 351.

No presumption arises that the driver performed his legal duty: Schmidt v. Philadelphia & Reading Ry. Co., 244 Pa. 205; Hamilton v. Central R. R. of New Jersey, 227 Pa. 137.

OPINION BY MR. JUSTICE MOSCHZISKER, May 7, 1917:

The plaintiffs' son, Arthur A. Hicks, was killed in a right-angle collision between a team which he was driving and a trolley car of the defendant company, about noon, on August 2, 1912, at the junction of two streets in the City of Altoona.· The court below entered a compulsory nonsuit, which it subsequently refused to remove; plaintiffs have appealed.

It appears from the testimony that, at the time of the collision, the deceased was just over the age of 18 years, and an experienced horseman; that the defendant's trolley car was running at a speed of from 30 to 35 miles an hour; that it approached the crossing in question without any effort on the part of the motorman to stop or properly to control its speed, and without blowing its whistle or giving other warning; that, in the vicinity of the accident, the curb lines of both streets were occu-

pied by trees, and the view of the driver, from his seat on the wagon, was interfered with by their foliage to such an extent that, in all probability, he could not see the approaching car until he had passed the curb line of the highway upon which it was being operated.

Several witnesses testified that plaintiffs' son was first observed by those on the car when it was about 200 feet distant from the point of the collision, and at that time his horses' heads were within some 12 feet of the track, advancing on a down grade at "a little jog" or "fast walk"; furthermore, that Hicks was then "pulling up" or "reining in" his team. Another witness said that immediately after the front of the wagon emerged from the house line, or when the horses were about 20 feet from the track, the driver appeared to be endeavoring to stop his team; but his efforts were in vain, for the horses were struck and dragged for a distance of about 130 feet before the car came to a standstill, Hicks, in the meantime, having been thrown from his seat and run over by the car. Those observers who were called to the stand all seem to agree the car was approaching with such rapidity that it was impossible for the driver of the wagon to avoid the accident; but whether or not the latter did all for his own protection which a reasonably careful man should have done, were proper issues for the jury—not the witnesses or the trial judge—to decide.

This court has more than once said that it is the duty of a driver to look in both directions immediately before entering upon the tracks of a street railway; but, on the evidence in this case, the jury might have found that plaintiffs' son made a proper observation, saw the rapidly advancing car and did all within his power to prevent the accident. We have said also that, when approaching a trolley track, a driver must take due care to get his horses under control; but it is a matter of general knowledge that a team cannot always be effectually managed, even by the best of horsemen; therefore, whether or not Hicks made a reasonable effort to exer-

cise the care required by the peculiar circumstances at bar, is an issue of fact, not of law. In other words, both the question of the defendant's negligence and that of the driver's alleged contributory negligence must be determined by a jury.

The assignments of error are sustained, and the judgment is reversed with a venire facias de novo.