## Short *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Right angle collision between carriage and car—Contributory negligence—Case for jury.*

A street railway company has a superior right to the use of that portion of the streets occupied by its tracks; but this right is qualified by that of pedestrians and travelers with vehicles, to cross the track in the exercise of care.

A traveler about to cross a street at a regular crossing is not bound to wait simply because a car is in sight. He may presume that the car will be run at the usual speed; and if he has time to cross with the car running at such speed, he cannot be charged with negligence as a matter of law if he proceeds and is struck by the car running at an unusual speed.

Plaintiffs may recover in an action against a street railway company for injuries from a right angled collision between a two-horse carriage and a trolley car where the plaintiff's carriage is driven out of a 30-feet wide street, and the driver sees an approaching car on a 50-feet wide street half way between two streets, when his horses' heads are within three feet of the car track, and the pavements are slippery with ice or snow piled up on each corner of the scene of the accident

Argued Oct. 2, 1917. Appeal, No. 86, Oct. T., 1917, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1907, No. 529, on verdict for plaintiffs in case of John J. Short and Joseph A. Short, trading as John J. Short and Brother, v. Philadelphia Rapid Transit Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for injuries to a carriage. Before AUDENRIED, P. J.

The facts relating to the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $150. Defendant appealed.

*Error assigned,* amongst others, was in overruling defendants motion for judgment non obstante veredicto.

*Harold B. Beitler,* for appellant.—There is no proof of any negligence on the part of the defendant: Pilgrim Laundry Co. v. P. R. T. Co., 56 Pa. Superior Ct. 593; Yingst v. Lebanon, Etc., Ry. Co., 167 Pa. 438; Kelly v. Union Traction Co., 211 Pa. 456; Tyson v. Union Traction Co., 199 Pa. 264.

The plaintiffs' driver was guilty of contributory negligence: Moser v. Union Traction Co., 205 Pa. 481; March v. Traction Co., 209 Pa. 46; Miller, Etc., Storage Co. v. P. R. T. Co., 62 Pa. Superior Ct. 568; Walsh v. P. R. T. Co., 27 Pa. Superior Ct. 89.

*Trevor T. Matthews,* for appellee.—The case was for the jury: Callahan v. Philadelphia Traction Co., 184 Pa. 425; Young v. Philadelphia Rapid Transit Co., 248 Pa. 174; Schmidt v. Philadelphia Rapid Transit Co., 253 Pa. 502; Grupp v. Philadelphia Rapid Transit Co., 42 Pa. Superior Ct. 271; Spahr v. York Rys. Co., 50 Pa. Superior Ct. 602; Bickley v. Southern Pa. Traction Co., 56 Pa. Superior Ct. 113; Abbotts' Alderney Dairies v. Philadelphia Rapid Transit Co., 66 Pa. Superior Ct. 265; Hicks v. Altoona, Etc., Electric Ry. Co., 258 Pa. 148.

OPINION BY ORLADY, P. J., December 13, 1917:

The plaintiff's employee was driving a double team west on Sansom street. As he approached Eighteenth street a car passed north on that street. He proceeded at a slow gait and when the horses' heads were about three feet away from the near car rail on Eighteenth street, he saw another street car coming from Walnut

street.  While covering the distance between the curb and the track, which is five feet, the trolley car traveled from the middle of the block between Walnut and Sansom streets and struck the carriage about the middle of the body.  The street was well lighted and the motorman could clearly see the team as it entered upon the car track.  The first opportunity the carriage driver had of seeing the car was after he had passed the house line, and then he believed the street car was reasonably distant from him; the sides of the street being impeded by ice and snow he whipped up his horses to pass over the car track.  The appellant's contention is, that there was no proof of negligence on the part of the defendant, and further, that the plaintiff's driver was guilty of contributory negligence.  A fair analysis of the testimony does not warrant the latter conclusion.  Sansom street is practically thirty feet wide. · The rail near to the southernmost curb was 3' 6"; from the north rail to the north curb it was 11' 8"; the sidewalk on the Eighteenth street was twelve feet.  The plaintiff's driver, after passing the house line could see the car at the distance above given.  The testimony was very conflicting as to the controlling facts in the case, and they were so fairly submitted to the jury that the only exception taken was to the refusal of the trial judge to direct a verdict in favor of the defendant.  In Grupp v. Philadelphia Rapid Trans. Co., 42 Superior Ct. 271, we held, "It is not to be doubted that street railway companies have a superior right to the use of that portion of the streets occupied by their tracks.  This right is qualified, however, by that of pedestrians and travelers with vehicles to cross the track in the exercise of care.  It does not absolve a railway company from the exercise of care in like manner when using the public crossings. The public right is not relinquished; it is only subordinated to that of the railway company: Evers v. Philadelphia Traction Co., 176 Pa. 376; Callahan v. Philadelphia Traction Co., 184 Pa. 425; Raulston v. Trac-

tion Co., 13 Pa. Superior Ct. 412. A traveler about
to cross a street at a regular crossing is not bound to
wait simply because a car is in sight. So strict a rule
would erect a legal barrier against the use of a large
proportion of the intersecting streets by other means
of travel than cars. Where a car is at such a distance
from the traveler that he has sufficient time to cross
if the car is moving at the usual speed, he ought not
to be charged with negligence as a matter of law if
he proceed. It is a necessary condition that crossings
of streets be made in front of moving cars at street inter-
sections in the cities. Persons so doing must use due care
and are not permitted to take narrow chances, but there
is a correlative duty to be performed by the company in
running over the crossings. The plaintiff had a right to
assume that the car would be run at the usual speed and
in the usual manner, and if this had been done it seems
not improbable that the accident would not have hap-
pened: Hamilton v. Consolidated Traction Co., 201 Pa.
351. He was not chargeable with notice that the car was
not under the control of the motorman and could not be
stopped. In Bickley v. So. Penna. Trac. Co., 56 Pa. Su-
perior Ct. 113, it is stated: "In this conflict of evidence
the rule is that, where the measure of duty is not un-
varying, where a higher degree of care is demanded
under some circumstances than under others, where
both the duty and the extent of performance are to be
ascertained as facts, a jury alone can determine what
is negligence, and whether it has been proved. And this
is to be ascertained from all the facts and circumstances
disclosed by the testimony, and the inferences to be
drawn from the facts are for the jury and not for the
court: McMahen v. White, 30 Pa. Superior Ct. 169; Ryan
v. Ardis, 190 Pa. 66; Sheets v. United Traction Co., 49
Pa. Superior Ct. 177." In Hicks v. Altoona L. V. E. Ry.
Co., 258 Pa. 148, it is stated: "When approaching a
trolley track, a driver must take due care to get his
horses under control; for it is a matter of general knowl-

edge that a team cannot always be effectively managed, even by the best of horsemen; therefore, whether or not the driver made a reasonable effort to exercise the care required by the peculiar circumstances at bar, is an issue of fact, not of law.  In other words, both the question of the defendant's negligence and that of the driver's alleged contributory negligence must be determined by a jury.

We see no reversible error in this record, and the judgment is affirmed.