# Naye *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways — Collision — Car — Contributory negligence—Case for jury.*

In an action against a street railway company to recover damages for injury to a truck, resulting from the collision with one of the defendant's cars, the question of the defendant's negligence and the plaintiff's contributory negligence is for the jury and a verdict for the plaintiff will be sustained where it appears that the plaintiff and a street car approached a crossing at right angles at the intersection of two city streets, and it appears that the motorman of the trolley car saw the automobile coming at least two trolley lengths away, and while in a place of safety for himself and the autotruck he put on full power to cross the street before the truck could reach the tracks.

Where the plaintiff testifies that upon approaching the crossing, and at a distance of about 20 feet from the track, he looked up and saw the car coming about 200 feet away, and knowing of an ordinance which required the car to stop at the intersection of the street, and expecting the motorman to either stop his car at that point or have it under control, the court could not say, as matter of law, that, with the trolley car approaching 200 feet distant from the crossing, it was not reasonably safe for the truck driver to attempt to cross, and the case must be submitted to the jury.

Argued Oct. 21, 1918. Appeal, No. 6, Oct. T., 1918, by defendant, from judgment of Municipal Court of Philadelphia, February Term, 1917, No. 402, on verdict for plaintiff in case of James M. Naye v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

208 NAYE v. PHILA. RAPID TRANSIT CO., Appel.

Statement of Facts—Opinion of the Court. [71 Pa. Superior Ct.

Trespass to recover damages for injury to motor truck. Before MacNeille, J.

The facts appear in the opinion of the Superior Court.

Verdict for plaintiff for $94 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in dismissing motion for judgment n. o. v.

*William M. Stewart, Jr.,* for appellant.—The plaintiff was guilty of contributory negligence: Miller North Broad Storage Co. v. Transit Co., 62 Pa. Superior Ct. 568 (1916) ; Kane v. Transit Co., 67 Pa. Superior Ct. 80 (1917) ; Pilgrim Laundry v. Transit Co., 56 Pa. Superior Ct. 593 (1914) ; Randall v. Transit Co., 62 Pa. Superior Ct. 531 (1916) ; Flynn v. Pittsburgh Ry. Co., 234 Pa. 335 (1912) ; DiOrio v. Transit Co., 260 Pa. 399 (1918) ; Greenwood v. R. R. Co., 124 Pa. 572.

There was no satisfactory evidence of defendant's negligence: Bornschener v. Traction Co., 198 Pa. 334; Hicks v. Transit Co., 53 Pa. Superior Ct. 174; Volpe v. Transit Co., 260 Pa. 402 (1918) ; Long v. Transit Co., 65 Pa. Superior Ct. 281 (1916).

*William H. Lamb,* for appellee.

Opinion by Orlady, P. J., February 28, 1919:

A verdict of $94 was rendered in plaintiff's favor, which the court refused to disturb. On this appeal the only assignment of error is that the court refused to give binding instructions in the defendant's favor. It is urged the evidence shows that the plaintiff failed to have his truck under such control when he approached the track that he could stop it before the collision, and he was, therefore, guilty of such contributory negligence as would prevent a recovery. The jury alone should decide the controversy between the driver of the truck, and the defendant's motorman. This was a right-angled colli-

sion on a public street, and the defendant's negligence is established, if the testimony of the motorman is to be believed when he stated, that he had his car on a safety stop as he approached Reed street, and when he saw the automobile coming he was two trolley car lengths away. He had full control of the appliance of his car, could stop it within a car length, and while in a place of safety for himself and the autotruck, he put on full power to use the crossing before the autotruck could reach it. From his own testimony he could as easily have stopped the car and avoided the collision. The appellant relies more on the contributory negligence of the driver of the truck,— the testimony showing that when the driver got about fifty feet west of Seventeenth street, he heard the sound of the overhead wire of the car approaching, and at the house-line he looked up the street, saw the car about 200 feet away, while he was twenty feet distant from the track. He knew of an ordinance requiring the car to stop on the near side of Reed street, and expected the motorman to either stop his car at that point or have it under such control as to enable him to cross in safety,—the motorman not giving him any warning by gong. The court could not say as matter of law, that with the trolley car approaching 200 feet distant from a crossing and under proper control, that it was not reasonably safe for the truck driver to cross. The case is a very close one, and it was for the jury to determine whether under the circumstances he should have stopped before attempting to drive over the track: Spahr v. York Rys., 50 Pa. Superior Ct. 607; Cathcart v. P. R. T. Co., 62 Pa. 217; Fow v. Adams Ex. Co., 68 Pa. Superior Ct. 345; Schmidt v. P. R. T. Co., 253 Pa. 502.

There is no reversible error as would warrant a retrial of a case involving such an amount, and the judgment is affirmed.