## Armstrong *v.* Conestoga Traction Co., Appellant.

*Negligence—Street railways—Collision—Case for jury.*

In an action to recover damages for injuries sustained in a collision with a trolley car, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence tends to show that the plaintiff stopped before crossing the tracks of the defendant company; that an unobstructed view could be obtained of the tracks for 400 feet and that when the horse and wagon were on the tracks the car of the defendant was 175 to 200 feet away, and approaching at the rate of 12 to 15 miles an hour; that the plaintiff heard no signal and that the wagon was struck with such force that it was dragged about 30 feet.

A person about to cross a street at a regular crossing is not bound to wait because the car is in sight. If the car is at such distance from him that he has ample time to cross, if it is run at the usual speed, it cannot be said, as a matter of law, that he is negligent in going on.

Argued Nov. 12, 1918. Appeal, No. 138, Oct. T., 1918, by defendant, from judgment of C. P. Lancaster Co., February T., 1917, No. 36, on verdict for plaintiff in case of Isaac J. Armstrong v. Conestoga Traction Company.

160, (1919).] Statement of Facts—Opinion of the Court.
Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and
WILLIAMS, JJ. Affirmed.

Trespass for injuries to horse and wagon. Before
LANDIS, P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict and judgment for plaintiff for $29.87. De-
fendant appealed.

*Errors assigned* were refusal of the court to direct a
verdict for defendant and to enter judgment for defend-
ant n. o. v.

*John E. Malone,* and with him *S. R. Zimmerman,* for
appellant.

*B. F. Davis,* for appellee.

OPINION BY ORLADY, P. J., July 17, 1919:

The plaintiff recovered a verdict in the court below
of $29.87, as damages for injuries sustained to his wagon,
harness, etc., in a grade crossing accident in the City of
Lancaster, the only assignment of error being the refusal
of the court to affirm a point submitted by the defendant,
that under the law and evidence the verdict of the jury
should be for the defendant, and for refusing to enter
judgment non obstante veredicto.

The accident happened at nine o'clock in the morning,
when the plaintiff, who was driving his milk delivery
wagon, crossed the tracks of the defendant company. In
approaching the crossing there was an unobstructed view
of 400 feet. The plaintiff testified that he stopped before
entering upon the track, listened, did not hear any signal,
and in crossing the wagon was struck with such force
that it and the horse were dragged about thirty feet. The
plaintiff's witnesses corroborated him to a certain de-
gree, but stated that when the horse and wagon were on

the track the car was 175 to 200 feet away, and approaching under a speed of some 12 to 15 miles and hour. The view of the car by the driver of the wagon was the same as was presented to the motorman, there being no intervening object, each was equally observable by the other. While the jury was warranted in finding that the motorman was guilty of negligence in approaching this public crossing at such speed and without his car being under control, under the facts as presented by this record, we are only concerned about the contributory negligence of the plaintiff in entering upon the tracks under the circumstances, as he describes them. It is not our province to find the facts, but only to examine and ascertain whether there is competent evidence from which a jury might find the facts necessary to sustain their verdict. It is clear that a person about to cross the street at a regular crossing is not bound to wait because a car is in sight. If a car is at such a distance from him that he has ample time to cross if it is run at the usual speed, it cannot be said as a matter of law, that he is negligent in going on. The rule to stop, look and listen, applicable to the crossing of steam roads, applies only in part to the crossing of electric railways. It is always a duty to look for an approaching car, and if the street is obstructed to listen, and in some situations to stop: Hamilton v. Consolidated Trac. Co., 201 Pa. 351; Davidson v. Trac. Co., 4 Pa. Superior Ct. 86; Short v. P. R. T. Co., 68 Pa. Superior Ct. 357.

In this case, after observing the duty of stopping, looking and listening, the plaintiff entered upon the crossing at a walk, and was struck by the defendant's car moving at a rate of 12 to 15 miles an hour, in a thickly settled part of one of our inland cities. Electric street railway companies have not the exclusive use of their tracks, but in their use their rights are superior to those of the traveling public, and their cars have the right-of-way. No one is warranted in assuming that if he first reaches the crossing he may go on, and that the full duty of care and

vigilance is then cast upon the motorman. The duty to look for an approaching car is an absolute duty, and failure to do so is negligence per se, and when the driver of a team at the intersection of two city streets fails to look immediately before going upon the street railway tracks, he is guilty of contributory negligence: Sefton v. R. R. Co., 64 Pa. Superior Ct. 218; Timler v. Transit Co., 214 Pa. 475.

A jury would be warranted in finding that this plaintiff had fully complied with the legal requirements, and entered upon the tracks after stopping, looking and listening. He walked his team across the tracks. The time, place and circumstances are elements to be considered in determining whether he took a traveler's chance in getting over or whether he exercised reasonable care under the circumstances. It was the duty of the motorman to have his car under proper control, and it was equally the duty of the plaintiff to not enter upon the tracks without exercising due care and having entered upon the crossing to proceed with due diligence. The subject-matter of the testimony of the witnesses was very important, yet, the manner in which the facts were evolved on the trial would rightly have a considerable weight in determining the credibility of the witnesses.

In our opinion it is a very close case, and it was submitted to the jury in a charge that is not alleged to be erroneous. After further consideration by the trial judge in review of the evidence the rule for judgment non obstante veredicto was discharged, and judgment entered upon the verdict.

We are not convinced that there is such reversible error as would warrant another trial of this case.

The judgment is affirmed.