## Frey *v.* Conestoga Traction Co., Appellant.

*Negligence—Street railways—Collision between street car and wagon—Contributory negligence.*

A driver of a wagon cannot be convicted of contributory negligence as a matter of law, in a collision between his wagon and a street car, where the evidence shows that he started to cross over a street in the middle of which was a track about 26 feet from the curb; that, when he turned his horse to cross the track, the car which struck him was from 250 to 275 feet away; that he drove at a walk onto the track, and, seeing the approaching car about 160 to 170 feet distant, urged his horse on, and, when the horse was on the track, the car was about 85 or 90 feet away; that the wagon was struck by the car; and that, just before the collision, the motorman acted as if he was turning off the current, but, instead of doing so, turned it on.

Argued May 17, 1920. Appeal, No. 238, Jan. T., 1920, by defendant, from judgment of C. P. Lancaster Co., Feb. T., 1919, No. 38, on verdict for plaintiff, in case of S. F. Frey v. Conestoga Traction Co. Before BROWN,

C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and
KEPHART, JJ.  Affirmed.

Trespass for personal injuries and for injuries to
wagon. Before LANDIS, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,868.  De-
fendant appealed.

*Errors assigned* were (1) refusal of binding instruc-
tions for defendant, and (2) discharge of rule for judg-
ment n. o. v., quoting record.

*John E. Malone,* with him *S. R. Zimmerman,* for ap-
pellant.

*Victor Frey,* with him *B. F. Davis,* for appellee.

PER CURIAM, June 26, 1920:

It is conceded that the negligence of the appellant was
for the jury, but it is urged by learned counsel that the
contributory negligence of the appellee barred a recov-
ery and the court below should have so held.  The situ-
ation at the time the collision occurred may be briefly
stated.  The appellee started to drive across from the
west to the east side of College avenue, in the City of
Lancaster.  A track of the defendant company is in the
middle of the avenue, distant about twenty-six feet from
the west curb, and, when the appellee turned his horse
to cross over it, the car which struck his wagon was from
two hundred and fifty to two hundred and seventy-five
feet away.  He drove at a walk onto the track, and,
seeing the approaching car about one hundred and sixty
to one hundred and seventy feet distant, he urged his
horse on, and, when it was upon the track, the car was
about eighty-five or ninety feet away.  The horse got
safely over the track, but the wagon was struck and the
injuries were sustained for which this action was

brought. It further appeared from the testimony that the motorman just before the collision acted as if he was turning off the current, but instead of doing so, he turned it on. Upon the foregoing state of facts, supported by the testimony, a fair conclusion to be reached by the jury was that the appellee was justified in assuming that he had ample time to cross over the track if the car would approach him at a usual rate of speed, and he could not, therefore, be adjudged guilty of contributory negligence as a matter of law. Callahan v. Phila. Traction Co., 184 Pa. 425, and Hamilton v. Consolidated Traction Company, 201 Pa. 351, are conclusive of the correctness of the ruling of the learned court below, and the judgment is affirmed.