Opinion of Court below—Opinion of the Court. [273 Pa.

tance to the owner, and since it has been withheld the claim must be held to be fatally defective.

The rule to strike off is made absolute.

Plaintiff appealed.

*Error assigned* was order, quoting it.

*Robert Mair*, with him *Nathan M. Griffith, Wayne P. Rambo* and *Ormond Rambo*, for appellant, cited: Rush v. Able, 90 Pa. 153; Dyer v. Wallace, 264 Pa. 169; Prouse v. Stocker, 74 Pa. Superior Ct. 55; Bank of Penna. v. Gries, 35 Pa. 423; St. Clair Coal Co. v. Martz, 75 Pa. 384; Price v. Kirk, 90 Pa. 47; McCristal v. Cochran, 147 Pa. 225.

*L. Pearson Scott*, of *Mowitz, Solis-Cohen, Scott & Gerstley,* with him *George A. Maene,* and *Roberts, Montgomery & McKeehan,* for appellee, cited: Sauer v. Doerfer, 22 Pa. Dist. R. 39; Price v. Kirk, 90 Pa. 47.

PER CURIAM, April 17, 1922:

The order appealed from in this case is affirmed on the opinion of the court below.

---

# Backus, Appellant, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street railway—Crossing in front of moving car—Contributory negligence.*

1. In an action against a street railway company, for personal injuries, a judgment on a verdict for defendant will be sustained where the evidence for plaintiff was in effect that she started to cross the track of defendant, when a car which struck her was standing 85 feet away and started without warning, while defendant's proof tended to show that plaintiff started to cross when the car was moving, that she was looking away from the approaching car, and was struck before she had left the tracks.

2. In such case, the appellate court must read the evidence in the light which best sustains the verdict.

Argued March 24, 1922. Appeal, No. 364, Jan. T., 1922, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1920, No. 4737, on verdict for defendant, in

case of Alexander Backus v. Phila. Rapid Transit Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before McCULLEN, J. The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned,* among others, was portion of charge quoted in opinion of Supreme Court, quoting it.

*George W. Mitchell,* for appellant, cited: Anderson v. Wood, 264 Pa. 98; Wagner v. P. R. T. Co., 252 Pa. 354; Fitzpatrick v. Traction Co., 206 Pa. 335; Bradwell v. R. R., 139 Pa. 404.

*Samuel S. Herman,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 17, 1922:

Alexander Backus sued to recover damages for the death of his wife, which he alleged was due to defendant's negligence; the jury found for the latter; judgment was entered on the verdict, and this appeal followed.

Trolley cars, operated by defendant, travel north on Twentieth Street and turn eastwardly into Market Street, stopping on the former street, to receive and discharge passengers, before making the turn. On December 17, 1920, at 8:30 p. m., Mrs. Backus alighted from one of these cars, at this stop; she walked to the crossing stones and started north over Market Street on the east side of the intersection; before getting across the first set of tracks, she was struck and killed by the car on which she had been a passenger.

Plaintiff contended that, when his wife reached the first rail of the tracks on Market Street, the car was then standing on Twentieth Street, at the place for discharging passengers, a distance of 85.3 feet away; that the car was started without warning, and the motorman negligently permitted it to run her down, the outswing,

or overhang, increased by going around the curve, striking her, just after she had stepped beyond the second rail.

One witness for plaintiff stated deceased was struck "the instant she stepped on the track"; this person fixed the car at from 6 to 12 feet away from Mrs. Backus when she walked in front of it. Defendant's witnesses testified that the unfortunate woman, at the time she walked out to her death, was looking away from the approaching car, and it struck her before she had left the tracks, saying, "it was so quick you could not give any warning."

The trial judge carefully and correctly submitted the issues to the jury; who, after deliberating for a time, came in and asked for further instructions as to the responsibility of defendant, if, as a matter of fact, the car was moving when plaintiff stepped on the track. To this inquiry, the following reply was made: "If the car was actually in motion, starting toward and into Market Street, and Mrs. Backus stepped in front of that moving car, undertook to cross the car track, she was guilty of such contributory negligence that there could be no recovery by plaintiff in this case. It is for you, however, to find the fact as to whether the car was actually in motion. Some of the witnesses have testified that Mrs. Backus did not undertake to cross the tracks excepting whilst the car was standing still; now that is a disputed question of fact in this case which you must settle, which you alone must settle. It is not for the court to intimate to you what it thinks; in fact, the court has no opinion upon the point at all. It is for you to reach a conclusion, and for you to decide the case. The court can only give you the law upon the subject. If the woman stepped in front of a moving car at the corner of Twentieth and Market streets there can be no recovery by the plaintiff in this case."

In view of the testimony to which we have called attention, and the rule that, on appeal, this court must read the evidence in the light which best sustains the verdict, we see no error in the above instructions; it was

not necessary for the trial judge to again charge the jury on all the elements in the case.

The facts at bar are essentially different from those in Donovan v. P. R. T. Co., 273 Pa. 152, relied on by appellant.

The judgment is affirmed.