## Hawkins, Appellant, *v.* Philadelphia Rapid Transit Co.

*Practice, Superior Court—Appeals—Question for court or jury—Evidence—Consideration upon appeal.*

Upon an appeal, where the only debatable point before the Superior Court is whether, under the evidence, the question of negligence was for the court or for the jury, the appellate court must read the evidence in the light which best sustains the verdict.

*Negligence—Street railway—Crossing in front of moving car—Question for jury.*

In an action of trespass against a street railway company, to recover for personal injuries and for damages to the plaintiff's truck, conflicting evidence as to the speed of the car, and evidence that the plaintiff undertook to cross in front of it, because it appeared to be stopping to receive passengers, was sufficient to take the case to the jury on the question of negligence and contributory negligence. It was error, in such case, to enter judgment for the defendant non obstante veredicto.

Argued November 22, 1922. Appeal, No. 210, Oct. T., 1921, by plaintiff, from judgment of C. P. Delaware County, June T., 1920, No. 566, in favor of defendant non obstante veredicto, in the case of R. A. Hawkins v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

454 HAWKINS, Appel., *v.* PHILA. RAPID TRANSIT CO.

Trespass to recover damages for personal injuries and damages to automobile. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $568.91. The court subsequently entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant.

*W. Roger Fronefield,* for appellant.—There was sufficient evidence to warrant the court submitting the case to the jury, and it was error to enter judgment for the defendant: Duffy v. York Haven Water & Power Co., 233 Pa. 107; Edwards v. Woodruff, 25 Pa. Superior Ct. 575; Wetzel v. Pittsburgh Ry. Co., 55 Pa. Superior Ct. 22.

*John B. Hannum, Jr.,* of *Hannum, Chadwick & Weeks,* for appellee.—Judgment was properly entered for defendant non obstante veredicto for the plaintiff's evidence clearly established his contributory negligence: Mease v. United Traction Co., 208 Pa. 434; Smith v. Traction Co., 187 Pa. 112; Hicks v. P. R. T. Co., 53 Pa. Superior Ct. 174; Long v. P. R. T. Co., 65 Pa. Superior Ct. 281.

OPINION BY LINN, J., July 13, 1922:

Plaintiff's Ford truck, while crossing Spruce Street, Philadelphia, at 58th Street, was struck by defendant's street car. The verdict was for him. The court entered judgment for defendant n. o. v. The only debatable point now is whether plaintiff's alleged contributory negligence was for the court or the jury.

There is little doubt that the judgment could be sustained if we had the power to find the facts as appellee states them: that plaintiff "had a clear and unobstructed

view of a rapidly approaching trolley car of the defendant when he was 24 feet from the track, and the trolley car was 225 or 250 feet distant; that when he reached a point four feet from the track at a place of safety, he voluntarily undertook to cross in front of the trolley car, which was then only 75 feet distant and approaching at a speed of 30 miles an hour, and was instantly struck as he came upon the track."

But we may not so find the facts. "This court must read the evidence [being oral] in the light which best sustains the verdict": Backus v. P. R. T. Co., 273 Pa. 588.

In that view, defendant's negligent operation of the car at excessive speed may not be disputed here. It is also clear that the evidence is sufficient to support inferences of fact omitted by the appellee in its statement and that such facts put this case among those in which the doubt as to the measure of plaintiff's duty in the circumstances, requires the facts to be found by the jury and not by the court. While we shall refer to the evidence in some detail, we may now say that appellee's statement is based on a partial view of only part of plaintiff's testimony, and disregards his explanation of why he fixed the probable speed of the car at from twenty-two to twenty-eight miles an hour; and, what is more essential, disregards defendant's testimony that the trolley car was so geared that it could not exceed 12 miles an hour, that its speed was reduced as it approached 58th Street, and that it crossed the street at five miles an hour. It is not improbable that the jury gave credence,— as was its privilege,—to part of plaintiff's evidence and to part of the evidence of defendant's motorman, and thereby concluded that the controlling facts were essentially different from those stated as controlling by the appellee. If there is supporting evidence, we must accept the jury's conclusion.

When plaintiff, who was driving northward on 58th Street at about nine in the morning, reached the south house line of Spruce Street, he saw the trolley car ap-

proaching on his left about 250 feet away, on the east-bound track. He also saw a crowd of intending passengers standing alongside the track in the street, on the west side of 58th Street waiting to board the car; there was evidence that it was a regular stopping place for street cars. He continued crossing the street—not a wide street—and looked again at the approaching car just as (to use his words) "I was ready to enter the track" when "the car was then about fifty feet or more beyond the crowd," making the car distant from him, as he also says "approximately seventy-five feet when I made up my mind to go ahead." Though he could have stopped, he did not, but continued across because, as he testified "The speed looked to me when it was coming down, it would slow down for that crowd, of course, which it had a right to do. Those people were to get on there. It was a regular stop"; "It didn't stop where it should stop to take passengers, at all." His truck was struck "about three feet from the tail gate," the front part having crossed both rails. Concerning the speed at which the street car approached, he said that he "didn't have any way of judging the speed until it struck me. That is when I judge the speed, by the way it knocked me......," a rate of speed, he then concluded, to be "somewhere between 22 and 28 miles an hour."

Defendant's motorman testified that the street car was crowded and was so geared that it could not be run faster than twelve miles an hour, and that as he approached 58th Street, he had thrown the power off, and was drifting along reducing speed; and that when he first saw the motor truck, it was "forty feet anyhow" from the rail, while the trolley car was "just about abreast of the building line" (of 58th Street) when he reduced his speed to five miles an hour to cross 58th Street, and while so crossing 58th Street, the motor truck went off 58th Street "southeast to get around me"; "I was beyond the building line, the east building line, with the front of the car when the automobile went

around me," or as we understand him, the street car had crossed 58th Street when the collision occurred, apparently in Spruce Street, just east of 58th.

It was essentially the function of the jury in the circumstances indicated by the evidence, to determine whether there was contributory negligence on the part of the plaintiff. The court was right in submitting the case to the jury, and wrong in entering judgment for defendant n. o. v.; Callahan v. Traction Co., 184 Pa. 425; Hamilton v. Traction Co., 201 Pa. 351; Frey v. Traction Co., 268 Pa. 264; Grupp v. P. R. T. Co., 42 Pa. Superior Ct. 271; Spahr v. Rys. Co., 50 Pa. Superior Ct. 602; Short v. P. R. T., 68 Pa. Superior Ct. 357; Naye v. P. R. T. Co., 71 Pa. Superior Ct. 207.

The judgment is reversed and the record is remanded with instructions to enter judgment on the verdict.