## Harkin *v.* Toy and Philadelphia Rapid Transit Co., Appellant.

*Negligence—Joint negligence—Question at issue—Evidence.*

1. Where two defendants are sued for joint negligence, and admittedly plaintiff (who was not guilty of contributory negligence), was injured by the negligence of one of them, the only question to be decided is as to whether or not the other defendant is also guilty of negligence contributing to that injury.

2. In determining whether or not binding instructions should be given for one of the parties to a suit, all the evidence and inferences therefrom favorable to the other must be accepted as true.

*Negligence—Street railways—Signal—Intersecting streets.*

3. It is the duty of one operating a trolley car or other vehicle to signal his approach to intersecting streets, and to cross them with due care.

*Appeals—Assignments of error—Inadequacy of charge—Counsel remaining silent.*

4. An appellate court will not sustain an assignment of error which alleges a charge is inadequate, if counsel for appellant remained silent when the trial judge inquired whether any further instructions were desired.

Argued April 18, 1923. Appeals, Nos. 31 and 32, Jan. T., 1924, by the Rapid Transit Co., defendant, from judgments of C. P. No. 3, Phila. Co., Sept. T., 1921, No. 1450, on verdicts for plaintiffs, in case of William Har-

kin, by his father and next friend, Matthew A. Harkin, and Matthew A. Harkin in his own right, v. Edward J. Toy and the Philadelphia Rapid Transit Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, Wm. Harkin, for $9,000 on which judgment was entered. Verdict for plaintiff, Matthew A. Harkin, for $2,000 on which judgment was entered for $1,000, all above that amount having been remitted. The Rapid Transit Co., defendant, appealed.

*Error assigned,* inter alia, was in overruling motion for judgment for defendant n. o. v.

*Chester N. Farr,* for appellant.—The speed of the car was immaterial: Rapp v. R. R., 269 Pa. 266; Lessig v. Transit & Light Co., 270 Pa. 299; Hill v. P. R. T. Co., 271 Pa. 232; Donovan v. P. R. T. Co., 273 Pa. 152; Horen v. Davis, 274 Pa. 244; Seiwell v. Hines, 273 Pa. 259.

The charge of the court was inadequate, in failing to point out and comment on the preponderating force of the testimony in favor of defendant: Hodder v. P. R. T. Co., 217 Pa. 110; Davies v. P. R. T. Co., 228 Pa. 176; Weiss v. R. R., 242 Pa. 506; Windle v. Davis, 275 Pa. 23; Bockelcamp v. Transit Co., 232 Pa. 66.

The court should have charged that if the jury believed the boy received injuries in both accidents, there was then no evidence offered by which such injuries could be distinguished, ascribing one set of injuries to the first accident and another to the second accident, and that the verdict should, therefore, be for defendant: Beck v. R. R., 233 Pa. 344; Stringert v. Twp., 179 Pa. 614.

The court failed to point out to the jury that this was a case of joint negligence and that, the action being

brought for a joint tort, if they believed only one of the defendants was guilty of negligence, their verdict should be for defendants: Wiest v. Traction Co., 200 Pa. 148; Rowland v. Phila., 202 Pa. 50; Booth v. Dorsey, 202 Pa. 381.

*William Charles Brown,* for appellees.—The case was for the jury: Gavin v. Transit Co., 271 Pa. 73; Donovan v. Transit Co., 273 Pa. 152; O'Malley v. Transit Co., 248 Pa. 292; Bunting v. Hogsett, 139 Pa. 363.

Where counsel for defendant merely takes a general exception to the charge and where the court asks counsel if any further instructions are desired, and counsel for defendant sits mute, he cannot be heard, for the first time on appeal, to complain of the alleged inadequacy of the charge: Roberts v. Traction Co., 270 Pa. 19; Mackowski v. Transit Co., 265 Pa. 34.

OPINION BY MR. JUSTICE SIMPSON, June 23, 1923:

In this action, a minor of the age of four years, by his father and next friend, and the father in his own right, sued Edward J. Toy and the Philadelphia Rapid Transit Company jointly, claiming that because of their joint negligence the boy had sustained serious injuries. The case was tried twice; on each occasion plaintiffs recovered verdicts, and, from the judgments entered on the second thereof, only the company appeals.

The facts are in some respects unusual. The boy, having fallen in the street, because of being struck or pushed by an automobile of the defendant Toy, was picked up and placed in his car by two bystanders, and the four, with Toy driving and the boy lying on the lap of one of the others, started to go to a hospital, their purpose being to ascertain if the child was really injured. On this journey, while the automobile was attempting to cross an intersecting street, a right-angled collision occurred between it and a trolley car of appellant; the boy was thrown out of the automobile, his head striking the

pavement, and, for the injury thus sustained, this suit was brought.

It is clear neither the boy nor his father was guilty of contributory negligence, the former because of his age and situation in the automobile, and the latter,—who did not even know of the journey until after the accident happened,—because there is neither allegation nor proof of any neglect on his part. So, also, there is no dispute as to Toy's negligence; plaintiffs and appellant assert it and Toy admits it. If then appellant was also negligent, and this contributed to the boy's injury, the trial judge was justified in submitting the question of joint liability to the jury, saying to them, as he did, "plaintiffs are only entitled to recover if you are convinced from the evidence that [both defendants, naming them] were guilty of joint negligence."

The assignments of error raise no question regarding the admission or rejection of evidence, and hence we are called upon to decide only: (1) Was there any substantial testimony showing defendant was negligent? (2) If there was, did this contribute to the boy's injury? and (3) If both these questions are answered affirmatively, was the case properly submitted to the jury?

One of the main contentions, at the trial and in this court, related to the points of impact of the two cars. A number of plaintiff's witnesses asserted that the front right corner of the trolley car struck the front left corner of the automobile. The company's testimony was that the automobile ran into the body of the trolley car; the photographs of the former tend to sustain this contention, those of the latter, however, perhaps necessarily, being much less persuasive. It is at least gravely doubtful, on considering all the evidence, whether or not the court below could have properly taken this question from the jury; but it is not necessary to decide that point, for if, nevertheless, the motorman so negligently ran his trolley car as to contribute to the accident, appellant will be held liable for the resulting injury, even

though the place and manner of contact was as claimed by it.

Upon the vital question of the motorman's negligence, the evidence is conflicting. Defendant's testimony is to the effect that the trolley car came to what is termed a "near stop,"—that is, it slowed up on the near side of the intersecting street, without actually stopping,—thereafter proceeded at a rate not exceeding four or five miles an hour, and while so traveling was run into by the automobile, which was going at a grossly excessive speed, possibly because Toy erroneously believed that by constantly sounding its horn every one would know he was rushing to a hospital and would give him the right of way.

On the other hand, appellees' witnesses, some of whom were in the trolley car at the time of the accident, while admitting that Toy's automobile was going at undue speed, further testified that, although its horn was continuously being sounded and could be heard long before the trolley car reached the street crossing, the motorman ignored this signalling, and continued traveling, as he had theretofore been doing, at the rate of considerably more than 30 miles an hour (if Toy is to be believed, and 25 miles an hour, if he is not), racing at that speed across the intersecting street, without sounding his gong or giving any other warning of his approach and intention to cross it; with the result that he struck the front left corner of the automobile, which had tried to avoid the impending collision by partly turning to the right, parallel with the railway tracks; the trolley car, owing to its speed, not being able to stop, after the accident occurred, until its rear end was, as variously estimated, from sixty to ninety feet beyond the house line on the far side of the street.

The failure to stop quickly is not seriously disputed, but appellant avers it was due to the fact that the automobile broke off the pet cock under the trolley car, preventing the application of the airbrakes, and thereby

compelling the motorman to rely entirely on the hand-brake. It is not made clear, however, why the trolley car should have traveled so far after the accident, if, as alleged, it was going only at the rate of four or five miles an hour, on an upgrade, and the motorman promptly applied the handbrake.

From the foregoing evidence on behalf of appellees,—which we must accept as true in determining whether or not binding instructions should have been given for defendant (Fuller v. Stewart Coal Co., 268 Pa. 328; Backus v. Phila. Rapid Transit Co., 273 Pa. 588),—the jury could have found (as it evidently did in applying the rule of law laid down in the foregoing quotation from the charge), that the motorman wholly ignored the possibility of other vehicles crossing the tracks at the intersecting street, although it was his duty to signal his approach and to cross it with due care (Gavin v. Phila. Rapid Transit Co., 271 Pa. 73; Donovan v. Same, 273 Pa. 152); and also that if he had observed these requirements, and had been traveling at the rate of four or five miles an hour (as he says he was and as apparently is conceded to be the proper speed in crossing other streets), the automobile could have passed over in safety, as certainly it would if, in addition, the points of collision were as stated by appellees' witnesses.

Under such circumstances, the jury's finding of joint negligence is controlling (Bunting v. Hogsett, 139 Pa. 363; O'Malley v. Phila. Rapid Transit Co., 248 Pa. 292), and we need only repeat what was said in the last of these cases, at pages 294-5, the quotation, so far as relates to the present question, requiring but little more than the substitution of the name of Toy for that of H. A. McCleman & Brother: "The negligence of which the jury found the Philadelphia Rapid Transit Company guilty was the dangerous rate of speed at which its car was moving up Twentieth Street; but this negligence, in itself, resulted in no injury to the plaintiff. The negligence of which H. A. McCleman & Brother were

convicted was the failure of the driver of their wagon to observe proper care in driving across Twentieth Street, as the car was approaching it from the south; but this negligence of the driver, in itself, caused no injury to the plaintiff. What injured him was the collision, which was the direct result of the combined negligence of the two defendants, and, for the immediate consequences of what they jointly brought about, they are and ought to be jointly accountable, even though the plaintiff might have sued them separately, joint wrongdoers being liable both jointly and severally."

It is contended also "that the charge of the learned court was inadequate in its discussion of the testimony relating to the accident as offered by the plaintiff and defendant." This complaint, which apparently alleges error against both parties, need not be considered, however, for if appellant believed the charge was so "inadequate" as to be injurious to it, it was bound to advise the trial judge in what respect this was so, when he said, "If counsel desire any further instructions on any point, I will be glad to give them." No "further instructions" were asked by appellant, and we must presume it was then satisfied that those which had been given were not "inadequate": Roberts v. Vallamont Traction Co., 270 Pa. 19, 21.

Appellant also assigns as error the refusal of one of its points, which requested binding instructions because the boy was in two accidents, and there was no evidence to show the extent of the injury flowing from the first. There was, however, ample testimony from which the jury could have found, as it did, that the first accident resulted in practically no injury, and hence the point was properly refused without reading it to the jury.

The judgments of the court below are affirmed.