# Thorpe *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Ice-wagon—Trolley car—Collision with—Contributory negligence.*

In an action of trespass to recover for personal injuries and property damages, it appeared that the plaintiff was driving an ice-wagon in the same direction as an approaching street car and, having seen the car, nevertheless attempted to cross in front of it, on the assumption that it was going to stop.

Under such circumstances the plaintiff was guilty of contributory negligence and cannot recover. If, with danger clearly ap-

parent to him, the plaintiff took the chance of getting safely across and was injured, he was guilty of such contributory negligence as would bar his recovery.

One traveling in the same direction as a trolley car, who desires to cross the track, should be especially careful, for, unlike one approaching a crossing at right angles at a street intersection, the motorman may not anticipate his attempt to cross the track immediately in front of the car.

Argued November 20, 1925.   Appeal No. 291, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, January T., 1925, No. 881, in the case of Frank Thorpe v. Philadelphia Rapid Transit Company.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Trespass to recover for personal injuries and property damage.   Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,355 and judgment thereon.   Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*Lewis C. Cassidy,* for appellant.—Plaintiff was guilty of contributory negligence:   Ehrisman v. Harrisburg Railway Co., 150 Pa. 180; Greenwood v. Phila. W. and B. R. R. Co., 124 Pa. 572; Long v. Philadelphia Rapid Transit Co., 65 Superior Ct. 281; Randall v. Philadelphia Rapid Transit Co., 62 Superior Ct. 531.

*Alfred E. Reynolds,* for appellee.—Whether or not the plaintiff was guilty of contributory negligence was a mixed question of law and fact and was solely for the jury to determine:   Mease v. Traction Co., 208 Pa. 434; Houston Bros. Co. v. Traction Co., 28 Pa. Supe-

rior Ct. 374; Callahan v. Traction Co., 184 Pa. 425; Tozer v. Rwy. Co., 45 Pa. Superior Ct. 417; Smathers v. Rwy. Co., 226 Pa. 212.

OPINION BY KELLER, J., February 26, 1926:

Plaintiff was driving an ice wagon loaded with 3300 pounds of ice, drawn by one horse, north on Kensington Street, Philadelphia, at 7:30 o'clock in the morning. His route required him to turn west into Huntingdon Street. When his horse was level with the south curb of Huntingdon Street he looked around to see if any street car was coming north on Kensington Street—the same direction he had been traveling—and saw one 150 or 200 feet away approaching at a speed of twenty-five to thirty miles an hour. Without waiting to get into the northern half of the intersection block,—as would have been proper for one intending to drive westward on Huntingdon Street—he turned his horse toward the railway track to his left and as the horse's feet got on the first or east rail, saw the car thirty-five to fifty feet away and still coming about as fast as when he first looked. His own language best describes the situation: "I thought on account of it being a crossing there, that the car was going to stop and I kept on going." Before the wagon could clear the track the trolley car struck it, injuring the plaintiff and damaging his property. The plaintiff was aware that if the car kept on its course he could not get across the track without being struck, as it was impossible for his slow moving horse and wagon to travel their length, twenty feet, and clear the track, while the fast moving car traveled fifty feet; but he said he had plenty of chance to get across if the car stopped at the crossing at Huntingdon Street. In other words he took the chance of the car's stopping and his getting safely across, or of being hit if the car kept moving.

This brings the case within the principle of Long v.

Phila. R. T. Co., 65 Pa. Superior Ct. 281, and a long line of cases including Evans v. Pittsburgh Rys. Co., 283 Pa. 180; Randall v. Phila. R. T. Co., 62 Pa. 531; and Pilgrim Laundry Co. v. Phila. R. Co., 56 Pa. Superior Ct. 593; the latest being Steinberg v. Phila. R. T. Co.,——Pa. Superior Ct.——, 247 October Term 1925, (opinion handed down this day), in which JUDGE TREXLER discusses the subject fully.

If with the danger clearly apparent to him he took the chance of getting safely across and was injured, he was guilty of such contributory negligence as to bar his recovery of damages: Mease v. United Traction Co., 208 Pa. 434, 435; Renner v. Tone, 273 Pa. 10, 11; Houston Bros. Co. v. Consolidated Traction Co., 28 Pa. Superior Ct. 374, 377; Timler v. Phila. R. T. Co., 214 Pa. 475. One traveling the same direction as the trolley car, who desires to cross the track, should be especially careful, for unlike one approaching a crossing at right angles at a street intersection the motorman may not anticipate his attempt to cross the track immediately in front of his car: Ehrisman v. Harrisburg Ry. Co., 150 Pa. 180, 187.

The case of Hawkins v. Phila. R. T. Co., 79 Pa. Superior Ct. 453, which appellee claims governs this case is easily distinguishable. In that case a crowd of intending passengers was standing alongside the track at a regular stopping place for street cars and the car seemed to be slowing down to stop for them. Here, there were no intending passengers at the crossing and the trolley car showed no signs of slackening its speed.

The judgment is reversed and the record is remitted to the court below with directions to enter judgment for the defendant non obstante veredicto.